Irving Korowitz was charged by information with perjury. From an order quashing information, the State of Florida appeals.
Affirmed.
This appeal is by the state from an order quashing an information charging perjury.
On February 20, 1946, the County Solicitor of Dade County filed the first information charging the crime as having been committed on April 14, 1943. Motion to quash was filed because of the two year statute of limitation, Section 932.05, Fla. Stat. 1941, F.S.A., which reads:
"All offenses not punishable with death, save as hereinafter provided, shall be prosecuted within two years after the same shall have been committed. There shall be no limitation for offenses punishable with death. In all offenses not punishable with death where an indictment has been found or an information filed within two years after the commission of the offense and such indictment or information, because of any defect, omission or insufficiency in the contents or form thereof, is subsequently quashed or set aside after said two year period has elapsed, in that event further indictments may be found or informations filed for such offense within three months after the entry of the order of the court quashing or setting aside the indictment or information, and prosecution thereunder shall proceed as if the same were commenced within two years after the commission of the offense."
On February 21, 1946, the court granted the motion but allowed the state ninety days within which to amend. No amended information was filed until June 29, 1946. The amended information alleged that this prosecution was begun on March 8, 1945, by the filing of an affidavit and the issuance of a warrant in a justice of the peace court. On motion made the trial judge quashed the amended information because it was not filed within the three months' period.
The trial court correctly construed Section 932.05, supra. The statute provides that where the information is quashed after the two year period has run the limitation thereafter within which an information *Page 286 
may be filed is three months. We have considered the case of Horton v. Mayo, 153 Fla. 611, 15 So.2d 327, but it, in no respect, rules this case.
The judgment is affirmed.
TERRELL, CHAPMAN, SEBRING, BARNS, and HOBSON, JJ., concur.
THOMAS, J., dissents.