SEBRING, Justice.
On January 24, 1952, an information in two counts was filed against the appel-lees, Mercandino and McCloud, charging them with having committed perjury on February 7, 1950, and April 5, 1950, respectively. On October 2, 1952, the Judge of the Criminal Court of Record of Dade County entered his order granting a motion to quash the information. The County Solicitor, on that same day, filed a new information in two counts against the same defendants charging the same offenses as were contained in the original information. Subsequently, on October 23, 1952, the Judge of the Criminal Court of Record of Dade County entered his order granting a motion to quash the second information. The County Solicitor, on January 19, 1953, filed a third information against the defendants and on February 5, 1953, the Judge of the Criminal Court of Record of Dade County granted a motion to quash the third information and discharged the defendants, on the ground that the third information had not been filed.within three months after the quashal of the first information in the cause, as required by section 932.05, Florida Statutes 1951, F.S.A.
The State of Florida has taken an appeal from this order and poses the following question for determination:
“Where an information charging an offense not punishable with death is filed within two years after the commission of the offense and thereafter the Court, after said two year period has elapsed, quashes said first information and the state within three months after the entry of an order quashing the first information files a second information for such offense, which second information is thereupon quashed by the Court, is. a third information for such offense filed within three months after the entry of the order qrtashing the second information barred by the statute of limitations ? ”
We are of the view that the trial judge ruled correctly when he answered this question in the affirmative.
Though the common-law rule is that there is no limitation as to the time within which criminal offenses may be prosecuted, the issue in this state, as in most states, is governed by statute. In respect to this matter the controlling statute provides:
“All offenses not punishable with death, save as hereinafter provided, shall be prosecuted within two years after the same shall have been committed. * * *' In *244 all offenses not punishable with death where an indictment has been found or an information filed within two years after the commission of the offense and such indictment or information, because of any defect, omission or insufficiency in the contents or form thereof, is subsequently quashed or set aside after said two year period has elapsed, in that event further indictments may be found or informations filed for such offense within three months after the entry of the order * * * quashing or setting aside the indictment or information ' * * (Emphasis supplied.)
It is perfectly plain from the language of the quoted statute that where an original information charging a defendant with the commission of a criminal offense has been quashed upon a day later than two years from the date of the offense charged in the information, the State of Florida has a period of only three months after the entry of an order quashing the said information within which to file further in-formations in the cause. No other reasonable interpretation can be had of the words employed. See State v. Korowitz, Fla., 39 So.2d 285; Mitchell v. State, 157 Fla. 121, 25 So.2d 73.
From the manner in which the statute is framed, it seems clear that the legislative thinking must have been that inasmuch as the Constitution provides that every person shall be entitled to a speedy trial, the state should not be accorded the privilege of prolonging a prosecution interminably — as would be the case if, after the quashing of each succeeding information, the state were to be allowed three months to file a new one and, as the state further contends, to continue such procedure indefinitely.
The judgment appealed from should be affirmed.
It is so ordered.
ROBERTS, C. J., and- TERRELL and MATHEWS, JJ., concur.