QUESTION: Is s. 775.15(2)(d), F. S., applicable to violations of municipal ordinances and, if not, what is the statute of limitations for prosecutions of violations of municipal ordinances when no limitation period is provided by law, municipal charter, or ordinance?
SUMMARY: Section 775.15(2)(d), F. S., which establishes a time limitation on prosecutions of misdemeanors of the second degree and noncriminal violations, is not applicable to prosecutions for violations of municipal penal ordinances, since convictions for violations of such ordinances are expressly excluded from the statutory definitions of the terms "misdemeanor" and "noncriminal violation" contained in s. 775.08(2) and (3), F. S. In the absence of any statutory, charter, or ordinance time limitation on the prosecutions of violators of municipal penal ordinances, no lapse of time after the commission of an act declared by a municipal ordinance to be unlawful will bar a prosecution for the violation of that ordinance. Your letter concerns the prosecution by the City of Boynton Beach of a violator of that city's building code, the alleged violations having occurred on or about February 11, 1975. You inquire as to whether s. 775.15(2)(d), F. S., operates to bar such prosecution. Section 775.15(2)(d), F. S., provides as follows: A prosecution for a misdemeanor of the second degree or a [noncriminal] violation must be commenced within 1 year after it is committed. However, s. 775.08(2) and (3), F. S., provides in pertinent part, respectively, that when used in the laws of the state, the terms "misdemeanor" and "noncriminal violation" shall not mean a conviction for violation of any municipal ordinance. Accordingly, it would appear that the statute of limitations provided by s. 775.15(2)(d), F. S., for prosecutions of misdemeanors of the second degree and noncriminal violations is not applicable to the prosecution of a violator of a building code ordinance of the City of Boynton Beach. See, generally, Marysville v. Cities Service Oil Co., 3 P.2d 1060 (Kan. 1931), stating that a statutory limitation on actions for violations of statutes is not applicable to violations of ordinances. Moreover, my research does not disclose any other statutory provision which creates a time of limitation on prosecutions of violators of municipal penal ordinances, and no pertinent provision in either the Boynton Beach charter or code of ordinances has been brought to my attention. In this latter regard, it is generally held that, if no applicable statutory limitation exists, a municipality may adopt a municipal ordinance fixing a time limitation on prosecutions for violations of its ordinances. See 62 C.J.S. Municipal Corporations ss. 324, 375; Starling v. Dublin, 86 S.E. 742 (Ga.App. 1915); and Birmingham v. Brown, 70 So. 718 (Ala. 1915). In the absence of any time limitation provided by statute, municipal charter, or ordinance on the prosecutions of violators of municipal penal ordinances, the common-law rule is that no lapse of time after the commission of the unlawful act will serve to bar prosecution by the municipality for such violation. See 62 C.J.S. Municipal Corporations s. 324; Battle v. Marietta, 44 S.E. 994 (Ga. Sup. 1903); cf. State v. McCloud, 67 So.2d 242 (Fla. 1953), and State v. Hickman, 189 So.2d 254 (2 D.C.A. Fla., 1966), stating that there is no limitation of time at common law within which a criminal prosecution is permitted. It is my opinion, therefore, that, until an applicable time of limitation is established by statute, charter provision, or ordinance, no lapse of time after the commission of an act declared by an ordinance of the City of Boynton Beach to be unlawful will bar a prosecution for the violation of that ordinance.