RICHARD ROUSE, PLAINTIFF IN ERROR, VS. THE STATE OF
FLORIDA, DEFENDANT IN ERROR.

1. The statute of limitations as to criminal prosecutions, sec-
    tion 2357, Rev. Stats., providing that all offenses not pun-
    ishable with death shall be prosecuted within two years
    after the same shall have been committed, contains no
    exceptions on account of an accused concealing himself
    or absenting himself from the State after the commission
    of an offense, and it is the established practice in this
    State, as to offenses to which two years limitation applies,

Rouse v. The State of Florida—Syllabus.

that if it appears from the indictment or information that the offense charged was committeed more than two years before indictment found or information presented, a motion to quash is proper and should be sustained in the absence of any allegations showing that the prosecution was based upon one instituted before the expiration of the statutory limitation.

2. Where an information in a Criminal Court of record shows that the offense charged was committed more than two years before the filing of the information, and alleges further that the accused was prosecuted for the offense within the two years limitation by the making of an affidavit before a justice of the peace, the issuanc of a warrant to the proper officer and its failure of service on account of the concealment and absence of the accused from the State, but fails to allege that the information was based upon or had any connection with the prosecution before the justice of the peace, it should be quashed on motion based on 'the ground that the prosecution by information was barred by statute of limitation. Whether a proceeding before a committing magistrate under our system, which is not made an indispensible prerequisite to the finding of an indictment or the filing of an information, will constitute a beginning of a prosecution within the meaning of our statute of limitations is not decided, as the information in this case shows. no continuation or connection with any prior prosecution.

Writ of error to the Criminal Court of Record for Escambia County.

The facts of the case are stated. in the opinion of the court.

*C. H. Alston* (with whom was *A. W. Spears* on the brief), for Plaintiff in Error.

*William B. Lamar,* Attorney-General, for the State.

MABRY, J.

On the eighth day of July, 1901, an information was filed in the Criminal Court of Record for Escambia County by the County Solicitor against plaintiff in error, charging him with an assault upon one John Bell with a premeditated design to effect the latter's death. The information alleges that the assault was committed in Escambia county, Florida, on the fifth day of July, 1898, and it is further alleged that "the said Richard Rouse was then prosecuted for the above set forth offense by the making of an affidavit by Geo. E. Smith, charging the said Rouse with the said offense on the sixth day of July, 1898, before Boykin Jones, who was then and there a justice of the peace in and for the second justice district of said county and State, and a warrant was then and there issued by the said justice of the peace for the arrest of the said Richard Rouse, and said warrant was placed in the hands of one Geo. E. Smith, sheriff of said county and State, who endeavored to and used all diligence to arrest and apprehend the said Richard Rouse, but was prevented from so doing because the said Richard Rouse concealed himself from the aforesaid time of the commission of the offense for the space of two years and ten months, and was for that space of time absent from the said State, wherefore," &c.

A motion was made to quash the information on three grounds and denied by the court. The only ground of this motion insisted on here is the third, to the effect that the alleged assault having been committed more than two years before information was filed the prosecution was barred by the statute of limitations. The accused was arraigned, tried and convicted of the charge pre-

ferred against him and moved in arrest of judgment, and for new trial, which motions were denied by the court. The grounds in arrest of judgment relied on are the same in substance as the stated ground of the motion to quash. From the final judgment of the court imposing a sentence of five years in the penitentiary a writ of error was sued out.

Section 2357 Revised Statutes provides that "all offenses not punishable with death shall be prosecuted within two years after the same shall have been committed." There are no exceptions to this statute on account of an accused concealing himself or absenting himself from the State after the commission of an offense, and if the information in this case can be sustained it must be on the ground alleged that the accused was prosecuted for the offense by the making of the affidavit before the justice of the peace and the issuance of the warrant within the period of two years from the alleged commission of the crime. It is the rule in this State in reference to offenses to which the two years statute of limitations applies that if it appears from an indictment that the offense charged was committed more than two years before the indictment was found, it will be quashed on motion made for that purpose. Savage v. State, 18 Fla. 970; Nelson v. State, 17 Fla. 195; Anderson v. State, 20 Fla. 381. The cases in which this has been held do not show that there had been any preliminary proceedings for the offense before a committing magistrate within the period of two years from the date of the crime. In addition to the jurisdiction to try and determine certain misdemeanors justices of the peace are made committing magistrates with authority to issue warrants against persons charged on oath with violating the criminal laws of the

State, and to commit offenders to jail or recognize them
to appear before the proper court at the next ensuing
term thereof to answer the charge, or may discharge them
from custody according to the circumstances of the case.
Specific provisions are made as to what the affidavits
filed before the justice shall contain, the issuance of war-
rants thereon and their service, the examinations before
the justice, and commitments and bail. They are also
required to hand over to the proper prosecuting officers
all affidavits, depositions and bonds taken in criminal
cases and to recognize the material witnesses on behalf of
the State in cases where parties are bound over, to be and
appear on the second day of the term of court to give
evidence before the grand jury, or the prosecuting officer
in case of information, against the accused. Sections
2869, 2870, 2871, 2874, 2876, 2877, and 2878 Revised
Statutes. The constitution provides (Declaration of
Rights, section 10) "no person shall be tried for a capital
crime or other felony, unless on presentment or indict-
ment by a grand jury, except as is otherwise provided in
this constitution, and except in cases of impeachment,
and in cases in militia when in active service in time of
war, or which the State, with the consent of Congress,
may keep in time of peace." In the judiciary article it is
provided in reference to criminal courts of record that
they shall have jurisdiction of all criminal cases not capi-
tal which shall arise in their respective counties, there
shall be six terms of said court in each year, and that all
offenses triable in said courts shall be prosecuted upon
information under oath, to be filed by the prosecuting at-
torney, but the grand juries of the Circuit Courts for the
counties in which such criminal courts of record may
exist, may indict for offenses triable in the said criminal

courts, and that upon finding indictments in the Circuit Courts the judges thereof shall commit or bail the accused for trial in such criminal courts, which trial shall be upon information.   Sections 25, 26 and 28, Art: V constitution.   Under our system a preliminary investigation of a criminal charge by a committing officer is not an indispensable prerequisite to the finding an indictment by a grand jury, or the filing an information by a prosecuting attorney of a criminal court of record.   The grand jury may indict where there has been no such investigation, and so the prosecuting attorney in a criminal court of record may act without reference to any investigation by a committing magistrate.   The prosecuting attorney for this court may have process for witnesses to appear before him in or out of term-time, at such convenient places and time as may be designated in the summons, to testify before him as to any violations of the criminal law upon which they may be interrogated.   Section 2827 Revised Statutes.   According to many authorities, some of which we cite, a prosecution of an offense, within the meaning of statutes like ours ,is commenced when the warrant upon a proper affidavit filed is issued and placed in the hands of an officer for service, and that when this is done within the time allowed for prosecutions of offenses an indictment or information followed up and based thereon may be presented and filed after the expiration of such time.   Under this view the limitation is not upon the filing of the indictment or information, but upon the prosecution which is regraded as commenced when the warrant has been placed in the hands of the proper officer for service.   State v. Miller, 11 Hump. (Tenn.) 505; Newell v. State, 2 Conn. 38; State v. Groome, 10 Iowa 308; People v. Clark, 33 Mich. 112;

People v. Clement, 72 Mich 116, 40 N. W. Rep. 190; State v. Erving, 19 Wash. 435, 53 Pac. Rep. 717; In re Griffith, 35 Kan. 377, 11 Pac. Rep. 174; In re Clyne, 52 Kan. 441, 35 Pac. 23; In re Crandall, 59 Kan. 671, 54 Pac. Rep. 686; State v. Howard, 15 Rich. (S. C.) 274; State v. Keifer, 90 Md. 165, 44 Atl. Rep. 1043; Flick v. State, 22 Ind. App. 550, 51 N. E. Rep. 951; Bishop's Stat. Crimes (3rd ed.) section 261; Wharton's Cr. Pl. & Pr. (8th ed.) section 323. Apparently contra, but based upon special provisions in statutes, Commonwealth v. Haas, 57 Penn. St. 443; Broughn v. State, 44 Neb. 889, 62 N. W. Rep. 1094; People v. Ayhens, 85 Cal. 86, 24 Pac. Rep. 635; Ex Parte Lacey, 6 Okl. 4, 37 Pac. Rep. 1095. The extent of the rule established by the cases cited is not now approved, and in fact it is not necessary for us at present to definitely determine that a proceeding before a committing magistrate by affidavit and warrant followed up and based thereon by indictment or information would be the commencement of the prosecution within the meaning of our statute.

It appears from the information before us that the offense was committed more than three years before it was filed, and that after the warrant was issued by the justice no proceeding was had by information for at least three years. The information does not show that it was based upon the proceedings before the justice of the peace, or had any connection whatever with it, even if that would save it, which we do not now determine, and in our judgment the motion to quash should have been sustained instead of denied.

The judgment of the court is reversed with directions to sustain the motion to quash the information and discharge the accused thereunder. Ordered accordingly.