J. E. WILLIAMS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Division A.

Opinion filed March 30, 1929.

*R. C. Horne* and *J. M. Hearn* for Plaintiff in Error;

*Fred H. Davis,* Attorney General and *Roy Campbell,* Assistant for the State.

ELLIS, J.—The plaintiff in error was arrested and is in custody as a prisoner of the constable of the Fifth Judicial District of Suwannee County who holds him by reason of a warrant issued by the justice of the peace of the fifth district charging the accused with the offense of ''passing worthless checks'' to another not having sufficient funds on deposit with the drawee named in the check to insure the payment of same within a reasonable time after negotiation.

The accused applied for his discharge upon writ of *habeas corpus* upon return being made by the constable. The attorney for the accused moved for his discharge upon several grounds. The motion was denied and the accused was remanded to the custody of the constable. The case is here on writ of error.

The offense was alleged to have been committed in January, 1927.

In 1921, by Chapter 8401, the drawing or uttering by one person to another of any check ''without there being at the time thereof sufficient funds on deposit or to his credit with the drawee named therein to insure the payment of same upon presentation within a reasonable time after negotiation'' was made a misdemeanor. See Sec. 7922 Comp. Gen. Laws of Florida, 1927.

That statute is not the worthless check statute many times considered by this court, Chap. 5468 Acts 1905, Chap. 6871 Acts 1915 and Chap. 7263 Acts 1917.

While the warrant issued in this case may be subject to objections of inaccuracies and imperfections in pleading, although it does conform to the form prescribed by Sec. 7 of Chapter 8401, *supra*, it does not wholly fail to charge an offense under the law of this State as defined by Sec. 7922, *supra.* The court issuing the warrant had jurisdiction of the person and the power to issue the warrant. The custody of the accused does not appear to be unlawful. See Porter v. Porter, 60 Fla. 407, 53 So. R. 546; Porter v. State, 62 Fla. 79, 56 So. R. 405.

The judgment remanding the accused is affirmed.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.