STATE *ex rel.* SAMUEL S. SILVERMAN v. D. C. COLEMAN,

as Sheriff.
190 So. 811
Opinion Filed August 1, 1939

*Sibley, Giblin & Schroeder,* for Relator;
*George Couper Gibbs,* Attorney General, and *Thomas J.*

*Ellis,* Assistant Attorney General, and *Robert R. Taylor,* for Respondent.

TERRELL, C. J.—On June 3, 1938, the county solicitor of Dade County, filed an information in the criminal court of record charging that petitioner did on June 13, 1936, commit the crime of forgery. On the same date a second information was filed in the same court charging that petitioner did on October 7, 1936, utter a forged instrument, and that he (petitioner) did on December 10, 1936, falsify a public record. A third information was filed on the 14th of October, 1938, charging petitioner with having committed the crime of embezzlement on October 20, 1936.

Petitioner was arraigned on December 20, 1938, and interposed a plea in abatement to the latter information charging that it was not sworn to under oath as required by Section 28, Article V, Constitution of Florida, and Section 8257 C. G. L. of 1927. The county solicitor thereupon withdrew the information, verified it under oath dated December 20, 1938, as the law requires and filed it. The trial court then struck the plea in abatement. There was no arraignment on the first and second informations, but they were on the last named date withdrawn from the files of the court, properly verified and refiled in like manner as the last information. Motions to quash the new informations were denied.

Petitioner now seeks relief from prosecution under said informations by habeas corpus, relying on the ground specified in his plea in abatement. The return to the writ issued by this Court interposes both the original and the amended informations as bases for refusing to release the petitioner.

Section 7113, C. G. L. of 1927, requires that the offenses with which petitioner is charged including all other offenses not punishable by death must be prosecuted within two

years after the same shall have been committed. This Court has repeatedly held that the finding of an indictment or the filing of an information will be deemed sufficient to have commenced a prosecution. Nelson v. Peeler, 107 Fla. 615, 164 So. 188.

Section 28, Article V, of the Constitution requires that all offenses triable in a criminal court of record "be presented upon information under oath, to be filed by the prosecuting attorney." Section 8257 C. G. L. of 1927, embodies a similar requirement and prescribes the form of the information. "Under oath" contemplates that the jurat be made in the presence of one authorized to administer oaths, otherwise it is of no avail. The record discloses that the informations as originally filed were not so verified and for that reason were vulnerable to the plea in abatement. The new informations were filed on December 20, 1938, more than two years after the offenses charged were alleged to have been committed and were therefore barred by the statute of limitations (Section 7113 C. G. L. of 1927), unless cured by Chapter 16962, Acts of 1935, the pertinent part of which is as follows:

"In all offenses not punishable with death, where an indictment has been found or an information filed within two years after the commission of the offense, and such indictment or information, because of any defect, omission or insufficiency in the contents or form thereof, is subsequently quashed or set aside after said two-year period has elapsed, in that event further indictment may be found or informations filed for such offenses within three months after the entry of the order of the court quashing or setting aside said indictment or information, and prosecution thereunder shall proceed as if the same were commenced within two years after the commission of the offense."

Failure to make oath to an information before one duly authorized to administer it is a "defect, omission or insufficiency in the contents or form thereof," which was cured by the new informations filed December 20, 1938. The new informations were filed because the plea in abatement was well grounded and it further appearing that all counsel and the court consented that the solicitor withdraw the original informations and insert in lieu thereof the new informations.

This amounted to quashing or setting aside the original informations after the two-year period designated in the statute quoted elapsed. The new informations were filed in less than the three months allowed in which to file them. If this is not true then the statute may be evaded under any kind of a subterfuge. In addition to this it is not out of place to say that the writ of habeas corpus will not be permitted to determine whether or not the statute of limitations has run.

The writ of habeas corpus is therefore quashed and the petitioner is remanded.

It is so ordered.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.