### C. J. HORTON v. NATHAN MAYO, as State Prison Custodian

| 15 So. (2nd) 327 | June Term, 1943 |
|---|---|
| October 22, 1943 | En Banc |

C. J. Horton, in pro. per. for petitioner.

J. Tom Watson, Attorney General, and Woodrow M. Melvin, Assistant Attorney General, for respondent.

BROWN, J.:

This case involves an attempt to review and set aside, in this habeas corpus proceeding, a judgment of conviction for grand larceny upon the ground that the information was fatally defective in that it alleged that the larceny was committed on a date more than two years before the information was filed.

The statute provides that: "All offenses not punishable with death shall be prosecuted within two years after the same shall have been committed." Section 7113 C.G.L., 932.05 Florida Statutes 1941.

The information was filed July 18, 1942, in the Criminal Court of Record of Dade County. It was entirely sufficient to charge the offense of grand larceny. It charged the defendant C. J. Horton, alias Arthur Meyers, with the larceny of $9,200.00, in lawful money, the property of Hannes Hill, on January 31, 1937. Thus it appears on the face of the information that the crime charged had been committed about four and a half years before the information was filed, and that the two year statute of limitations had apparently long since run. The defendant, petitioner here, filed no motion to quash, but plead not guilty and went to trial. He was represented by able counsel. Motion to quash would have been an appropriate remedy, as the information did not allege that it was based upon or had any connection with a previous prosecution which was commenced within two years after the offense was committed. Rouse v. State, 44 Fla. 32 So. 784.

The Criminal Procedure Act of 1939, Section 19554, 148, now appearing as Section 909.06 Florida Statutes 1941, provides that: "If the defendant does not move to quash the indictment or information before or at the time he pleads thereto, he shall be taken to have waived all objections which are grounds for a motion to quash." See also in this connection Section 906.25, Fla. Stats. 1941.

We have held, as to all offenses not punishable with death, that not only should the information show or allege, but the State *must prove,* the institution of prosecution for the offense charged within two years after the offense was committed. Nelson v. State, 17 Fla. 195; Anderson v. State, 20 Fla. 381; Rouse v. State, supra. There may be some variance between the date alleged in the information as being the date the offense charged was committed and that proven on the trial, which variance is immaterial if the proof shows that the crime was committed before the filing of the information and that prosecution therefor was begun within the two year period, except in those rare cases (not here in point) where

the exact time enters into the nature or legal existence of the offense. Alexander v. State, 40 Fla. 213, 23 So. 536; Tharpe v. State, 64 Fla. 154, 59 So. 193; Hunter v. State, 85 Fla. 91, 95 So. 115; Overstreet v. Whiddon, 130 Fla. 231, 177 So. 701.

The respondent's answer or return shows that petitioner was held under a commitment from the criminal court of record, dated November 5, 1942, and attached a copy of the court's judgment of conviction and sentence, dated November 3, 1942. The answer alleged that the information upon which the trial was had and judgment was rendered was based upon a prosecution for the same offense begun on March 8, 1939, by the filing of an affidavit before, and the issuance of a warrant of arrest thereon on said date by, the Justice of the Peace of the Second District of Dade County, which warrant of arrest was delivered on the same day, according to the justice of the peace docket, to Constable Wood for service, as shown by justice of the peace docket attached to said return. The respondent's answer alleges that the allegations therein contained are made to appear by the transcript of record filed in the office of the clerk of this Court on March 11, 1943, in connection with the appeal of C. J. Horton from the judgment upon which the commitment referred to was and is predicated, which transcript is by reference made a part of the respondent's said answer. This appeal was dismissed later because the grounds of appeal were not embraced in the transcript. The affidavit filed with and the warrant issued by the Justice of the Peace on March 8, 1939, charged the defendant with the same offense, and in practically the same words as used in the information, but alleged that the offense was committed on April 8, 1937. So there was a variance as to the *date* on which the offense was alleged to have been committed, in that the information charged that it was committed on January 31, 1937, whereas the affidavit and warrant charged that it was committed on April 8, 1937, which, if the date of the commission of the offense was correctly alleged in the affidavit and warrant showed that the prosecution was begun within the two year period. Evidently the accused was not apprehended until quite some time after the warrant was sworn out. The docket of the justice of the

peace showed that on July 13, 1942, the accused was arraigned before him and waived preliminary trial, and that Hannes Hill was sworn and testified in behalf of the State, and that the bond of accused was fixed at $5,000.00. The information was promptly filed by the county solicitor a few days later on July 18, 1942, and the defendant was tried and convicted in November, 1942.

It may be that the defendant did not move to quash the information on the ground now complained of because he or his counsel knew that the prosecution was actually begun within the two year period after the offense was committed as shown by the proceedings in the justice of the peace court, and that the filing of the information was but a continuance of the same prosecution which was begun on March 8, 1939, for an offense committed on April 8, 1937. At any rate, he did not make any motion to quash, and if he had, the county solicitor could have amended his information or filed a new one so as to show that the prosecution for the offense charged in the information, and upon which the information was based, was really begun on March 8, 1939, which was less than two years after the date of the offense, as alleged in the affidavit and warrant, was committed, but more than two years after the date of the offense as alleged in the information. However, this latter defect in the information could also have been remedied by the county solicitor if motion to quash had been filed and granted.

The transcript which was filed here last March and which is referred to in the respondent's return shows that, over defendant's objection, the State offered and the trial court admitted, evidence to prove that the prosecution for the offense charged in the information was begun on March 8, 1939, (on affidavit and warrant, which warrant was on same date placed in the hands of a constable, charging the defendant with the commission of grand larceny on April 8, 1937,) thus showing that the prosecution was begun within the two-year limitation. This record also shows that counsel for defendant, petitioner here, was well aware of the burden resting upon the State in this regard, and interposed various objections to the legal admissibility of the evidence offered by the State to

616

prove when and how the prosecution was begun, and made this one of the grounds of his motion for directed verdict. The trial court reached the conclusion that there was sufficient legal evidence on that subject to submit the case to the jury, in connection with the testimony as to the actual commission of the substantive offense charged, and overruled defendant's motion for directed verdict, but he charged the jury that the warrant must have been issued and placed in the hands of a proper officer for execution "within two years of the date the crime is alleged to have happened."

We cannot here review the various rulings made by the trial judge on the trial which resulted in petitioner's conviction as habeas corpus cannot be used as a substitute for writ of error or appeal. Respondent made this transcript by reference a part of his return for the purpose of showing, in addition to the return and exhibits thereto, that this prosecution was actually begun well within two years after the crime was committed, and we think this purpose has been achieved, especially when the return is considered in connection with the provisions of Section 909.06 Florida Statutes 1941, which are hereinabove set forth.

Furthermore, we have held that "the writ of habeas corpus will not be permitted to determine whether or not the statute of limitations has run." State ex rel. Silverman v. Coleman, 139 Fla. 656, 190 So. 811.

The writ of habeas corpus heretofore issued herein is hereby quashed, and the petitioner is remanded to the custody of the respondent.

BUFORD, C. J., TERRELL, CHAPMAN, THOMAS, ADAMS and SEBRING, JJ., concur.