153 So.2d 839 (1963)
STATE of Florida, Appellant,
v.
Jack L. EMANUEL, Appellee.
No. 3797.
District Court of Appeal of Florida. Second District.
May 31, 1963.
*840 James M. Russ, County Sol., Orlando, Richard W. Ervin, Atty. Gen., Tallahassee, Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellant.
Edward R. Kirkland, Orlando, for appellee.
WHITE, Judge.
The State of Florida appeals an order quashing an information charging Jack L. Emanuel with (1) breaking and entering with intent to commit a felony and (2) grand larceny. The questions presented on appeal are whether prosecution was begun within the statutory limit of two years from the date of the alleged non-capital offenses[1] and whether there was a fatal variance in allegations of ownership of the involved properties.
On December 13, 1960, a warrant of arrest was issued in the First Justice of the Peace District of Orange County charging that defendant, Jack L. Emanuel, committed criminal offenses on April 3, 1960, by forcibly entering the place of business of Webster's Dover Shores Drug Store, a corporation, with intent to commit a felony, to-wit, grand larceny, and that he did unlawfully take, steal and carry away the sum of $775.00 belonging to said corporation. This warrant was executed in Orange County on December 19, 1960, by arrest of the defendant whose bond was set at $7500.00.
On December 11, 1962, more than two years after the date of the offenses in question, the County Solicitor of Orange County filed an information specifically charging the defendant with the offenses as stated in the previous warrant of arrest except that the building entered and the monies taken were described as belonging to Webster's Dover Shores Drug Company, Inc. instead of Webster's Dover Shores Drug Store, a corporation, as in the warrant. The corporate name set forth in the information is literally correct.
The points argued on appeal are stated as follows:
(1) "Whether the trial court committed reversible error by quashing the instant *841 information on the grounds that under section 932.05, Florida Statutes, 1961, a criminal prosecution is commenced only upon the filing of an information or indictment, and is not commenced by the issuance of an arrest warrant and its placement into the hands of a proper officer for service.
(2) "Whether the trial court committed reversible error in quashing the instant information on the grounds that the arrest warrant identified the victim as `Webster's Dover Shores Drug Store, a corporation' as being legally insufficient, (for the purpose of tolling the statute of limitations under section 932.05, Florida Statutes 1961,) as a basis for the instant information which identified the victim correctly as `Webster's Dover Shores Drug Co., Inc.'" (parentheses but not verbiage supplied)
The State contends that the information was based on a prosecution begun December 13, 1960, when the arrest warrant was placed in the hands of the sheriff, and that therefore such prosecution was clearly commenced less than two years from the date of the alleged crimes on April 3, 1960. The defendant urges that the statute contemplates an indictment or the filing of an information within the two-year limitation as the means of commencing prosecution. The statute itself does not spell out just what does or does not constitute the commencement of prosecution.
This question has been admirably briefed and researched by respective counsel, but there is no controlling Florida decision since the question has not been necessarily involved in any reported case in this jurisdiction. It has been stated that the filing of an information within the two-years limitation constitutes commencement of prosecution. Mead v. State, Fla. 1958, 101 So.2d 373; Loy v. Grayson, Fla. 1957, 99 So.2d 555; Horton v. Mayo, Fla. 1943, 153 Fla. 611, 15 So.2d 327. Such a statement, however, is necessarily circumscribed by the facts and circumstances of the particular case. We are aware of no case which commits Florida to a rule by which the filing of an information is the only method of commencing prosecution within the meaning of Section 932.05, supra.
Judging from certain dicta, the Supreme Court of Florida has favored the view here taken by the State. In Dubbs v. Lehman, 1930, 100 Fla. 799, 130 So. 36, 37, an information had been filed more than two years after the commission of the offense and the court was not confronted with the instant situation. The court, nevertheless, said:
"If the affidavit made by Thompson before the justice of the peace and the warrant issued thereon charged the accused with any criminal offense against the laws of the state of Florida and the record further showed that the warrant was placed in the hands of the proper officer to be executed prior to the expiration of the period of the statute of limitations, we would hold, under authority of the opinion in the case of Rouse v. State, 44 Fla. 148, 32 So. 784, 1 Ann.Cas. 317, and cases there cited, that the judgment of the circuit court should be affirmed."
In Rouse v. State, 1902, 44 Fla. 148, 32 So. 784, noted in the above quotation from Dubbs v. Lehman, the Supreme Court of Florida, again by way of dicta, said:
"According to many authorities, some of which we cite, a prosecution of an offense, within the meaning of statutes like ours, is commenced when the warrant upon a proper affidavit filed is *842 issued and placed in the hands of an officer for service, and when this is done within the time allowed for prosecutions of offenses an indictment or information followed up and based thereon may be presented and filed after the expiration of such time. Under this view the limitation is not upon the filing of the indictment or information, but upon the prosecution, which is regarded as commenced when the warrant has been placed in the hands of the proper officer for service." (Emphasis supplied)
In Horton v. Mayo, Fla. 1943, 153 Fla. 611, 15 So.2d 327, it appeared on the face of the information that the crime charged was committed four and one-half years before the information was filed and that the two-year limitation had long since run. It should be noted that, in contrast to the present case, the information did not allege that it was based upon or had any connection with a previous prosecution commenced within two years after the offense was committed. The court quashed the writ of habeas corpus because the petitioner had failed to file a motion to quash the information. The court also observed in its opinion:
"* * * [H]e did not make any motion to quash, and if he had, the County Solicitor could have amended his information or filed a new one so as to show that the prosecution for the offense charged in the information, and upon which the information was based, was really begun on March 8, 1939, which was less than two years after the date of the offense, as alleged in the affidavit and warrant, was committed, but more than two years after the date of the offense as alleged in the information. However, this latter defect in the information could also have been remedied by the county solicitor if motion to quash had been filed and granted."
Although the foregoing quotation may be regarded as dicta, the Supreme Court indicated its interpretation of the question involved here where the information expressly recited the predicate upon which the information was based.[2] In these circumstances we hold that a valid arrest warrant when placed in the hands of a proper official for service commences the prosecution and tolls the statute as set forth in F.S. § 932.05, F.S.A.
The second and final point on appeal concerns the variance between the arrest warrant and the information in designating the owner of the involved properties. The State submits that a scrutiny of the two instruments plainly discloses that the information was specifically identified with the warrant as the basis for commencement of the prosecution; that the warrant was essentially *843 valid as such and that the slight inaccuracy was not of such magnitude as to justify foreclosing the prosecution. We think the State's position is well taken.
If the defendant had challenged the legal sufficiency of the arrest warrant by pointing out the minute inaccuracy in the victim's identity, the defendant's arrest would not have been nullified. It would merely have called for an amendment to the warrant. See Williams v. State, 1929, 97 Fla. 401, 121 So. 462. The arrest warrant clearly set forth the nature of the offenses and was legally sufficient for the arrest of the defendant. If an arrest warrant is legally sufficient to deprive a person of his liberty and freedom of movement, it follows that it should be sufficient as a basis for commencing criminal prosecution and tolling the statute of limitations.
The conclusion of the trial court apparently was influenced by the slight variation in the name of the victim as between the warrant and the information. The warrant and information, however, reflect the following identical factors, viz., name of defendant, date of offenses, nature of offenses and subject matter of the larceny. Both counts of the information specifically refer to the warrant by stating the date of the affidavit, the identity of the affiant, name of the defendant, nature of offenses, identity of the committing magistrate, identity of the officer into whose hands the warrant was placed, date of the receipt of the warrant, identity of the process server and the date the warrant was served on the defendant. The warrant and the information each identifies the victim as "Webster's Dover Shores", a corporation engaged in the sale of drugs.
Where an information itself fails to state with accuracy the name of the owner of a building allegedly broken and entered, there is no question but that the information is defective. Lopez v. State, 1932, 106 Fla. 361, 143 So. 303; Alvarez v. State, 1946, 157 Fla. 254, 25 So.2d 661; Sipos v. State, Fla. 1956, 90 So.2d 113. That problem does not exist in the instant case since the information contains the correct name of the corporate owner, implicitly amending the described arrest warrant to conform in name and identity. Accordingly the foregoing citations of the defendant pertaining to variances in indictments and informations are inapposite to the situation here involved.
On the other hand the defendant's position, although unsustained, is not entirely unreasonable. The statute which puts a time limit on prosecution does not provide definitives as to when prosecution begins, so it is not implausible to argue that a prosecution sub judice begins only when the grand jury or official prosecutor prefers the charge. Furthermore, there is no specified limit on how long a prosecution, once begun, may lie dormant or inactive. The defendant complained of the long interval between the processing of the warrant and the filing of the information. There may be much in defense counsel's forceful argument that could be directed toward amendatory legislation in this area. The fact remains that we are confronted here with a valid statute as it is and not as it perhaps might be improved.
The trial court may have labored under the impression that F.S. § 906.08(5), F.S.A. applies to arrest warrants as well as to informations. Cf. Lambert v. State, Fla. App. 1959, 111 So.2d 68, and cases cited therein. That statute, however, deals specifically with indictments, informations, bills of particulars and trial records and cannot be construed to include arrest warrants. An arrest warrant may be amended or dismissed without jeopardy attaching, being legally insufficient only when it wholly fails to charge an offense as defined by law. Cf. Williams v. State, 1929, 97 Fla. 401, 121 So. 462, which stated:
"While the warrant issued in this case may be subject to objections of inaccuracies and imperfections in pleading, * * * it does not wholly fail to *844 charge an offense under the law of this state * * *. The court issuing the warrant had jurisdiction of the person and the power to issue the warrant. The custody of the accused does not appear to be unlawful."
If the sufficiency of an arrest warrant is to be tested, the standards for arrest warrants should be applied. It would be incongruous, under the facts of this case, to hold that the statute of limitations was not tolled where the defendant failed to challenge the sufficiency of the warrant prior to the filing of the information.
The conclusion is that the trial court erred in quashing the information.
Reversed.
KANNER, Acting C.J., and ALLEN, J., concur.
NOTES
[1] Florida Statutes § 932.05, F.S.A. "* * * All offenses * * * save as hereinafter provided, shall be prosecuted within two years after the same shall have been committed."
[2] e.g. Count One "* * * prosecution for the above set forth offense having been commenced by the making of an affidavit on December 13, 1960, by Sergeant J.H. Trulock, Detective Bureau, Orlando Police Department, charging the said JACK L. EMANUEL with the offense of Breaking and Entering with Intent to Commit a Felony and Grand Larceny, before Francis K. Whitaker, who was then and there Justice of the Peace in and for the First District of Orange County, Florida, and a warrant was then and there issued by the said Justice of the Peace, based upon said affidavit charging the said JACK L. EMANUEL with the offense of Breaking and Entering With Intent to Commit a Felony and Grand Larceny as aforesaid and delivered said warrant to Dave Starr, Sheriff of Orange County, Florida, on the 13th day of December, 1960, and said warrant was duly served on said JACK L. EMANUEL, on the 13th day of December, 1960, by R.W. Young, Deputy Sheriff, Orange County, Florida, and that this information is based upon said affidavit and warrant and prosecution was instituted against the said JACK L. EMANUEL, on the 13th day of December, 1960, as aforesaid, and this information charges the said Jack L. Emanuel, with the offense of Breaking and Entering with Intent to commit a Felony and Grand Larceny, as aforesaid."