CARROLL, Judge.
The appellees were charged by information with the crime of second degree murder. They were tried together. Trianawas convicted of second degree murder. Garcia was convicted of manslaughter, a lesser degree of homicide. The defendants appealed, and the judgments were affirmed. Subsequently, on motions of the defendants filed in the trial court under Rule 1.850 CrPR, 33 F.S.A., the court entered an order setting aside the judgments and sentences and granting the defendants a new trial. That order was made more than two years after the date upon which the offenses were alleged to have been committed. Thereafter the state voluntarily moved for and obtained an order dismissing the initial information. Later the state filed a new information, in which Triana again was charged with second degree murder and Garcia was charged with manslaughter.
On motion of the defendants the trial court dismissed the new information, on the ground that prosecution thereunder was barred by the applicable two year statute of limitations, § 932.05 Fla.Stat., F.S.A. This appeal is by the state from that order.
After reciting in some detail the history of the case as above set out, the order appealed from provided as follows:
“7. The Defendants have moved to dismiss the second Information on the ground that prosecution on the crimes charged in the Information were barred by the Statute of Limitations, Fla.Stat. Sec. 932.05, F.S.A.
Conclusions of Law
“1. The Court’s order vacating and setting aside the Defendants’ judgments of conviction and sentences under Rule 1.850 of the Florida Rules of Criminal Procedure did not expressly toll the Statute of Limitations (Fla.Stat. Sec. 932.05, F.S.A.) period of two (2) years. Since the Information herein was filed nearly four (4) years from the date of the alleged crime, the prosecution of the crime charged in the Information is barred by Fla.Stat. Sec. 932.05, F.S.A.
“2. The original Information was voluntarily dismissed on its own motion and was not quashed because of a defect, omission or insufficiency in the contents or form of the Information, and consequently does not toll the Statute of Limitations under Fla.Stat. 932.05, F.S.A.
*295 “Ordered and Adjudged that the Defendants’ Motion to Dismiss are hereby-granted and the Defendants are finally discharged from the cause.”
We approve the reasoning and conclusion of the trial court as applied to the facts and circumstances of this case. The cited statute, prescribing a two year limitation for instituting prosecution for the offense or offenses involved, also provides that where an information is dismissed, after the two year limitation period has elapsed, “because of any defect, omission or insufficiency in the contents or form thereof,” further informations may be filed for such offense “within three months after the entry of the order * * * quashing or setting aside the indictment or information.” However, dismissal of the information in this case, on motion of the state, was not because of any defect omission or insufficiency in content or form.
The state’s contention that the new information should be acceptable on the basis of linkage with the initial prosecution is without merit. The linkage theory as applied in State v. Adjmi, Fla.App.1965, 170 So.2d 340, is not applicable here. In Adjmi, where the state permitted the first information to stand undismissed and filed a second information, it was held that both in-formations were left standing and that trial could proceed under either. Nor can this case benefit by the rule that the effect of the statute of limitations can be avoided by amending an information, to the extent required by the nature of the case, after the statutory period has elapsed. See State v. O’Neal, Fla.App. 1965, 174 So.2d 564. Therefore, when the state, more than two years after the date fixed for the offenses, caused the information to be dismissed for a reason or reasons other than those specified in the exception contained in § 932.05 Fla.Stat., F.S.A., the initial prosecution was terminated, and due to the lapse of time could not thereafter be commenced. See State v. McCloud, Fla.1953, 67 So.2d 242.
Affirmed.