274 So.2d 533 (1973)
Joseph DI STEFANO, Petitioner,
v.
Thomas M. LANGSTON, As Judge of Criminal Court of Record, Polk County, Florida, Sitting by Designation As Judge of the Criminal Court of Record of the County of Hillsborough, Florida, Respondent.
No. 42610.
Supreme Court of Florida.
March 7, 1973.
*534 Levine & Freedman, Tampa, for petitioner.
E.J. Salcines, County Sol., and James Robert Yon, Sp. Asst. County Sol., for respondent.
DEKLE, Justice.
Direct conflict for jurisdiction[1] is asserted between the Second District's dismissal herein of petitioner's suggestion for writ of prohibition by order dated July 19, 1972, 264 So.2d 883, and the granting of such a prohibition in a similar factual situation in Ball v. Goodman, 249 So.2d 481 (Fla.App.3d 1971), and conflict also with the decisions of this Court in Savage v. State, 18 Fla. 970 (1882); State ex rel. Silverman v. Coleman, 139 Fla. 656, 190 So. 811 (1939); Lowe v. State, 154 Fla. 730, 19 So.2d 106 (1944); and Mead v. State, 101 So.2d 373 (Fla. 1958). In exercising our discretion we denied oral argument pursuant to F.A.R. 3.10(e), 32 F.S.A.
The alleged conflict involves the two-year statute of limitations (Fla. Stat. § 932.465, F.S.A.) in non-capital criminal offenses. An indictment was returned on March 7, 1972, against Petitioner Di Stefano and one John C. Womack for alleged conspiracy with a public official Rudy Rodriguez under Fla. Stat. § 833.04, F.S.A., to offer or pay unauthorized compensation to a public official; an information thereon was filed March 22, 1972, against the two defendants  petitioner and Womack; and capias or warrants were duly served upon them with arraignment held in open court on March 24, 1972. The indictment and the information charged such offenses as having occurred "on diverse dates between April 1, 1969, and April 2, 1970." Thereafter Womack was duly discharged because of immunity from prosecution which had been granted to him for his testimony before the grand jury. The information as to Womack was quashed on such ground, leaving this information standing only against petitioner.
Another indictment and capias on March 7, 1972, were entered against public official Rudy Rodriguez charged on the same statute for alleged offenses occurring between the same dates of April 1, 1969, and April 2, 1970. An information thereon was filed March 15, 1972, against Mr. Rodriguez as the only individual charged on that indictment, although Di Stefano and Womack were named therein as alleged co-conspirators. *535 Then in open court on April 7, 1972, this information against Mr. Rodriguez was nolle prosequi by the State and so was the first mentioned information which at that point stood only against Petitioner Di Stefano as a defendant following the dismissal of Defendant Womack. Three days before, however, on April 4, 1972, the state had filed a new information (and the one with which we are here concerned) charging that on those same diverse dates between April 1, 1969, and April 2, 1970, the said Rodriguez and Di Stefano were guilty of conspiring in violation of said statute § 833.04. This information asserted no tie-in or relationship with the earlier informations now dismissed, so on April 10, 1972, this new information of April 4, 1972, against these two defendants was amended expressly to add factual data regarding dates of the initial indictments and service of arrest warrants upon the defendants at earlier dates within the two-year statute, and reciting that thus "prosecution for the offense charged herein having thereupon commenced." Corrective amendments after dismissal with leave to amend on other points were filed on May 25, 1972, charging the same defendants with the same crimes and continuing the linking language as to the alleged timely commencement of the prosecution.
Motions to dismiss addressed to this new information of April 4, 1972, as amended, stated as grounds that April 4, 1972, was the effective charging date which would be more than two years under the applicable statute of limitations, § 932.465(3). The motion was denied, affirmed by the Second District Court of Appeal and this petition for review on certiorari followed.
Petitioner contends that the action of the trial court in denying petitioner's motion to dismiss based upon the running of the statute of limitations, namely, the filing of a conspiracy charge against him and Rudy Rodriguez on April 4, 1972, two years and two days after the time during which the offense was alleged to have been committed, was an act of the respondent (court) without and, in excess of his jurisdiction, and contrary to law, and that respondent will continue so to act, and will undertake to try the petitioner on the conspiracy indictment unless prohibited from doing so by this Court. Petitioner asserts that the effective information filed April 4, 1972, on its face did not show any nexus or relationship between that information and the charge against petitioner in the earlier nolle prosequi information wherein he was timely charged.
We now see why the State amended to insert the above-mentioned language asserting that the prosecution for the offense had commenced upon the indictment and service of capias at a date within the two years, namely, March 24, 1972, because the key to the application of the statute of limitations is its provision that "all prosecutions" must be brought within two years on such charges.
Petitioner refers us to our language in Mead v. State, supra, wherein we said that it was incumbent upon the State to prove the offense "within two years of the filing of the information on which he was being tried and not, as the judge charged the jury,... within two years of the filing of the information first presented and subsequently abandoned." (emphasis added)
We further said there: (p. 375 of 101 So.2d)
"Having concluded that there was nothing in the last information to link it with the first and that the appellant could not have been legally convicted in the absence of proof that the offense was committed within two years of 29 August 1956, we are impelled to reverse the judgment." (emphasis added)
The difference with Mead is apparent. First, no abandonment is present here and second, there is sub judice the "magic linking language." Moreover, the term "commencement of prosecution" has been defined *536 by this Court to include the return of an indictment. Lowe v. State, supra.
Horton v. Mayo, 153 Fla. 611, 15 So.2d 327 (1943), cited by petitioner, expressly points out that "the filing of the information was but a continuance of the same prosecution which was begun on March 8, 1939" by the charging affidavit of that date before the Justice of the Peace in that instance (being within the two-year period). Significantly, Horton continues to state: (p. 328)
"At any rate, he did not make any motion to quash, and if he had, the County Solicitor could have amended his information or filed a new one so as to show that the prosecution for the offense charged in the information, and upon which the information was based, was really begun on March 8, 1939, which was less than two years after the date of the offense, as alleged in the affidavit and warrant, was committed, but more than two years after the date of the offense as alleged in the information. However, this latter defect in the information could also have been remedied by the county solicitor if motion to quash had been filed and granted." (emphasis added)
Horton supports the State's position that a "late" information is rendered "timely" by appropriate language setting forth a timely commencement of the prosecution of the offense.
The authorities relied upon by petitioner are distinguished, principally upon the fact that the information in those cases did not contain the necessary linkage by language in the new information which has been properly done here. Such is the case in Ball v. Goodman, supra, initially urged for conflict. Savage v. State, supra, merely refers to the manner of counting days.
State v. Emanuel, 153 So.2d 839 (Fla. App.2d 1963), expressly recited the predicate upon which the (new) information there was based, thus providing the necessary linkage with the earlier beginning of the same prosecution. The able opinion of White, J., in Emanuel expressly points out at p. 842 the contrast with Horton which did not contain saving linking language.
Judge White also elucidates in Emanuel a further troublesome, and reasonable enough, contention that at this rate such an expressed linkage could carry on ad infinitum new informations so long as they were linked up with the proper initial commencement of prosecution, which was present there and here on the basis of capias duly served within the statute of limitations. Judge White said in this connection: (153 So.2d 839 at 843)
"The statute which puts a time limit on prosecution does not provide definitives as to when prosecution begins, so it is not implausible to argue that a prosecution sub judice begins only when the grand jury or official prosecutor prefers the charge. Furthermore, there is no specified limit on how long a prosecution, once begun, may lie dormant or inactive. The defendant complained of the long interval between the processing of the warrant and the filing of the information. There may be much in defense counsel's forceful argument that could be directed toward amendatory legislation in this area. The fact remains that we are confronted here with a valid statute as it is and not as it perhaps might be improved."
Judge White's comments are of course now subject to any application of our subsequent Speedy Trial Rule.[2] The Third District's State v. Garcia, 245 So.2d 293 (Fla.App. 1971), is another case where the quashed information failed to have the necessary reference to an earlier commencement of the prosecution.
State v. O'Neal, 174 So.2d 564 (Fla. App.2d 1965), mentioned in Garcia holds *537 that a subsequent amendment of an earlier information after the running of the two-year statute will not suffice to withstand motion to quash but this was based upon the fact in O'Neal that the earlier informations sought to be amended had been expressly abandoned by the State which then proceeded on other counts. This is not our situation.
Garcia draws a distinction also between an information nolle prosequi and that which is dismissed for defectiveness, in which instance the statute § 932.05 provides only three months after such order of quashal to file a new information. This rule in respect to nolle prosequi is subject to the Emanuel correct rule that the belated subsequent information is saved if that new information makes the necessary recital as here regarding its tie-in with the original commencement of the prosecution within two years. All of this is based upon the basic premise of the statute of limitations that it runs with the "commencement of prosecution" and not with the filing dates of the information.
It is therefore apparent that what might at first appear to be a faulty and late information beyond the two-year statute of limitations is saved by its recitation of linkage with the timely commencement of this prosecution against petitioner within the two-year period. The attempted tie-in of petitioner with various "co-conspirators" and the sequence dismissal of them until the ultimate contention in the new information does not in and of itself destroy the charge of conspiracy against petitioner. It is not even necessary of course that the alleged co-conspirator be actually charged in order to prosecute petitioner.[3]
We therefore hold with the above authorities that the amended information against petitioner is timely and sufficient and is within the two-year statute of limitations of section 932.465.
The apparent conflict being thus dissipated, our writ of certiorari earlier entered must be
Discharged.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN and ADKINS, JJ., concur.
NOTES
[1] Fla. Const. art. V, § 3(b)(3) (1973), F.S.A.
[2] Fla.Crim. Rule 3.191, 33 F.S.A.
[3] 15A C.J.S. Conspiracy § 82, p. 847.