SMITH, Judge.
Appellant, Florida Petroleum Marketers Association, Inc., appeals from a circuit court judgment denying a writ prohibiting the county court from prosecuting appellant on a charge which appellant insists is barred by the two-year statute of limitations, § 932.465(2), F.S.1973. The information charges that appellant attempted to offer a bribe to Thomas D. O’Malley, a State official, throughout a period ending November 17, 1972. The information filed May 16, 1975, charged the same offense which was initially charged by an indictment filed on October 18, 1974, within two years of the alleged offense, but which the court dismissed on the State’s motion for the reason that assistant state attorneys of Duval County had assisted in advising the Leon County grand jury under circumstances later disapproved. Austin v. State ex rel. Christian, 310 So.2d 289 (Fla.1975); Rudd v. State ex rel. Christian, 310 So.2d 295 (Fla.1975). The information was filed within three months after the indictment was dismissed.
Sec. 932.465(2), F.S.1973, provided:
“Prosecution for offenses not punishable by death must be commenced within *241 two years after commission, but if an indictment, information, or affidavit has been filed within two years after commission of the offense and the indictment, information, or affidavit is dismissed or set aside because of a defect in its content or form after the two year period has elapsed, the period for commencing prosecution shall be extended three months from the time the indictment, information, or affidavit is dismissed or set aside.”
The indictment filed October 18, 1974, was in proper form in the sense that there was nothing irregular about the instrument itself. Nor were its contents defective, if by that is meant the words it spoke were insufficient. A strict reading of the statutory phrase, “defect in its content or form,” would therefore suggest that appellant’s indictment was not dismissed for such a cause. It was defective in content or form only in the broader sense that, due to irregularities in the grand jury proceeding from which it emanated, the charging instrument was not what it purported to be; it was vulnerable as an ineffective indictment. A restrictive view of the statutory phrase would no doubt serve the general rubric that limitation statutes are to be construed liberally in favor of the accused, State v. King, 275 So.2d 274, 276 (Fla.App.3d, 1973), aff’d 282 So.2d 162 (Fla. 1973), but to adopt it, we find, would disregard the overriding statutory purpose of prosecutions being “commenced within two years after commission” of the offense, which was done in this case.[1]
At common law there was no limitation on the time for prosecution of criminal offenses. 21 Am.Jur.2d Criminal Law § 154, at 222 (1965); 22 C.J.S. Criminal Law § 223, at 572 (1961); 1 Wharton’s Criminal Law and Proc. § 179, at 417 (Anderson ed. 1957).' Typical statutes imposing such limitations either provide specifically that an indictment or information must be filed within a stated time after the offense, or generally that prosecution must be “commenced” within that time. See 1 Wharton, supra § 184, at 426. Until 1975, when amendments not here applicable became effective,[2] Florida’s statutes uniformly provided in general terms that offenses “shall be prosecuted” or that “prosecution . must be commenced” within the stated time. No. 55, § 78, Acts of Feb. 10, 1832; § 2357, R.S.1892; § 3181, G.S.1906; § 5011, R.G.S.1920; § 7113, C.G.L.1927; § 932.05, F.S.1941-1969; § 932.465(2), F.S. 1971, 1973. That distinctive characteristic of the Florida statute significantly influences our interpretation of the clause, first added in 1935,[3] which continues a prosecution, timely commenced; in which the timely indictment or information is dismissed for “a defect in its content or form.”
In States whose limitation statutes explicitly require the filing of an indictment or information to toll the statutory period, it is held with near unanimity that “the return of an indictment or the filing of an information on which no valid conviction or judgment can be had will not operate to stop the running of the statute of limitations pending the return or filing of another indictment' or information, in the ab *242 sence of a statute expressly so providing.” 1 Wharton, supra at 427-28; Annot., 90 A.L.R. 452, 456 et seq. (1934). The Iowa statute, for example, required that an indictment be timely filed and made no provision to save prosecutions irregularly begun. The court said, of a timely filed indictment which was dismissed for procedural irregularities: “Such an indictment is no indictment. It is a nullity. . . . ” State v. Disbrow, 130 Iowa 19, 29, 106 N. W. 263, 266 (1906). The Maryland court held that whether the timely but dismissed indictment was void or merely voidable was of no consequence when the accused seasonably selected to attack it. State v. Michael, 2 Md.App. 750, 237 A.2d 782, 785 (1968). Oregon, Idaho, Iowa, Arizona, Georgia, North Carolina and Pennsylvania, among other States, have limitation statutes which must be tolled by the filing of an indictment or information, and they correspondingly hold that the timely filing of a vulnerable charging instrument will not stop the running of the limitation period “in the absence of a statute expressly so providing.” Commonwealth v. Cardonick, 448 Pa. 322, 330, 292 A.2d 402, 406-07 (1972), and cases cited. In such a context, a statute saving prosecutions commenced by a timely indictment or information which is later set aside for a “defect in its content or form” might well be strictly construed as referring exclusively to defects appearing on its face. Such a construction would be the natural consequence of a statutory scheme in which the limitation period is not tolled except by an indictment or information.[4]
In Florida, however, the limitations period may be tolled not only by the filing of an information or indictment but also by any other act constituting commencement of a prosecution. DiStefano v. Langston, 274 So.2d 533, 537 (Fla.1973). The timely issuance of a warrant constitutes commencement of a prosecution for purposes of tolling the statute, and an information filed beyond the statutory period is effective to continue a prosecution thus begun. Rouse v. State, 44 Fla. 148, 32 So. 784 (1902); Horton v. Mayo, 153 Fla. 611, 15 So.2d 327 (1943). A warrant commences the prosecution for limitations purposes, if it does not wholly fail to charge an offense, even though it may be inaccurate and imperfect. State v. Emanuel, 153 So.2d 839, 843 (Fla.App.2d, 1963).[5] Such a warrant signifies the State’s commitment to prosecute and satisfies the statute’s purpose. State v. Hickman, 189 So.2d 254, 261 (Fla.App.2d, 1966), cert. den. Fla., 194 So.2d 618 (1966).
In States whose statutes do not explicitly require the filing of an indictment or information to toll the statute, but require only that prosecution be commenced within the period of limitation, there is no clear necessity for a statute saving prosecutions which are timely but imperfectly commenced within the prescribed period. There the pertinent question is only whether the prosecution continued or restored beyond the period of limitations is the same prosecution that was imperfectly begun before the time expired.[6] Thus, in *243 Hickey v. State, 131 Tenn. 112, 117-18, 174 S.W. 269, 270 (1915), concerning a statute which like Florida’s required only the timely commencement of prosecution, the court held:
“The question now arises whether in this state and in the absence of any statute on the subject, the prosecution under this second indictment may be considered such a continuation of the original prosecution that the statute of limitation cannot apply. We think there is no doubt but that it was the same prosecution under both indictments. While the first indictment was defective and invalid . yet it was a prosecution for the same offense as that embraced in the second indictment. . . . It is the ‘prosecution’ which must be commenced within 12 months, not the finding of the indictment.”
Similarly, in language later echoed by our District Court of Appeal, Second District, in Emanuel, quoted supra n. 5, the Oklahoma court stated in Davenport v. State, 20 Okl.Cr. 253, 269, 202 P. 18, 24 (1921):
“It could hardly be said that a person, who had been arrested and compelled by the officers of the law to appear in court to answer an accusation against him, even though based upon a defective or insufficient complaint, information, or indictment, had not been prosecuted. We are aware of no other term to use in order to express what had been done in such a case.”
The same observations aptly describe the effect of the Florida limitation statute before 1935 legislation added the provisions, supra n. 3, with which we are here concerned. Before amendment the statute provided only that offenses “shall be prosecuted” within the prescribed time, § 7113, C.G.L.1927, and so permitted continuation of a prosecution timely commenced by the filing of a warrant, indictment or information later dismissed for any defect. Given that context, it is unreasonable to suppose that the 1935 amendment was designed to bar prosecutions theretofore permitted by restricting the availability of restorative indictments and informations to cases in which the defect in the prior instrument appeared on its face. We will not assume that the legislature intended to permit the continuance of a prosecution timely begun by an irregularly issued warrant and restored by an information filed beyond the period of limitations, but to foreclose an otherwise identical prosecution which was timely commenced, not by an irregularly issued warrant, but by an irregularly issued indictment or information. Yet the attribution of such an anomalous legislative purpose is a necessary consequence of the view, here urged by appellant, that § 932.-465(2), F.S.1973, does not permit a restorative information when the original indictment was defective for a cause not appearing on its face.
The primary purpose of the 1935 legislation was to place a three month limitation on the State’s power to restore and continue prosecutions irregularly begun within the limitation period. The legislature’s interest was akin to Mr. Justice Davis’ expressed concern in 1933, that the State not be permitted to defeat the spirit of the limitation statute by timely commencing prosecution and then, having satisfied the letter of the statute, permitting the prosecution to languish until it became convenient to proceed. State ex rel. Melson v. Peeler, 107 Fla. 615, 621-24, 146 So. 188, 191 (1933) (concurring opinion). Thus the 1935 legislation eliminated the prospect that, by continued or delayed amendments, a prosecution timely commenced could be interminably prolonged. State v. McCloud, 67 So.2d 242 (Fla. 1953).
We therefore hold that § 932.-465(2), F.S.1973, contemplates that a restorative indictment or information, filed within three months of one timely filed but dismissed, is effective to continue the prosecution whether the defect in the first in *244 strument appears on its face or not.[7] Expressed in terms of the case at hand, there was a defect in the “content or form” of the October 18, 1974, indictment because the indictment was the defective product of defective grand jury proceedings. The information which continued and restored the prosecution on May 16, 1975, satisfied the statute.
We have also considered, and found unavailing, appellant’s argument that the information does not state an offense proscribed by Florida law. The constitutional stay writ issued by us to preserve conditions during this appeal is dissolved and the judgment of the circuit court is
AFFIRMED.
McCORD, Acting C. J., and MILLS, J., concur.

. Independently of the question of statutory construction, appellant argues that the., offense charged was completed, if at all, more than two years before the indictment was returned on October 18, 1974. ■ The proof may be otherwise, but at this stage we take at face value the allegation that > the offense continued to November 17, 1972.

. By the revised criminal code effective July 1, 1975, tolling of the limitations period was made to depend for the first time on the filing of an indictment or information. Ch. 74-383, § 10, Fla.Laws; § 775.15(5), F.S. 1975. The new statute retains the phrase “a defect in its content or form” in the clause permitting the continuation of prosecutions timely commenced in that manner.

.Ch. 16962, § 1, Fla.Laws 1935; § 7113, C.G.L.1927 (1935 Supp.) ; § 932.05, F.S. 1941-1969. The 1935 act referred to the dismissal of an indictment or information “because of any defect, omission or insufficiency in the contents or the form thereof.” The present language was substituted by ch. 70-339, § 109, Fla.Laws.

. In Arizona, the statute requires filing of an indictment within a specified period after the offense and mates no provision for saving prosecutions timely begun by defective indictments. The court held in State v. Fogel, 16 Ariz.App. 246, 492 P.2d 742 (1972), that the statute barred prosecution on twelve counts of a second indictment which had been filed to replace a timely indictment which was quashed “on the ground that the presentation of the evidence before the grand jury was done by a disqualified deputy county attorney.”

. “The arrest warrant clearly set forth the nature of the offenses and was legally sufficient for the arrest of the defendant. If an arrest warrant is legally sufficient to deprive a person of his liberty and freedom of movement, it follows that it should be sufficient as a basis for commencing criminal prosecution and tolling the statute of limitations.”

.Clearly a prosecution timely commenced by the filing of an information within the limitations period, but then abandoned, is no basis for a restored prosecution after the period has run. State v. O’Neal, 174 So.2d 564 (Ma.App.2d, 1965).

. The 1974 legislation, effective July 1, 1975, supra n. 2, so altered the statute of limitations that the analysis of this decision is no longer applicable. It would appear that, as a result of the 1974 act, a prosecution may now be restored and continued only when the timely indictment or information was defective, in “content or form,” on its face.