370 So.2d 81 (1979)
James D. AKERS, Appellant,
v.
STATE of Florida, Appellee.
No. KK-157.
District Court of Appeal of Florida, First District.
April 26, 1979.
*82 Michael J. Minerva, Public Defender, Randolph P. Murrell, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., Miguel A. Olivella, Jr., Asst. Atty. Gen., for appellee.
MILLS, Acting Chief Judge.
A jury convicted Akers of armed robbery. The trial court adjudicated him guilty and sentenced him to seven years imprisonment. He appeals contending the court erred in denying his motion for judgment of acquittal based on the State's failure to adduce evidence during the trial that the prosecution of the crime was commenced within the two year statute of limitations. We agree and reverse.
On 7 December 1977, the State filed an information charging Akers with an armed robbery which occurred on 28 July 1973. Akers filed a motion to dismiss on the ground that the prosecution of the case was not commenced within two years after the offense charged occurred.
At the hearing on the motion, the State adduced evidence that an arrest warrant was issued on 1 August 1973 and delivered to the sheriff's office on 2 August 1973 where it was filed in suspense awaiting Akers' discharge from an out of state prison. The arrest warrant was given to a deputy on 15 September 1975 for service but service was not obtained until 10 November 1977. Akers' motion was denied.
The State did not amend its information to allege these facts nor did it produce evidence at trial that prosecution of *83 the crime was commenced within the period of limitation. The timely issuance of a warrant constitutes commencement of a prosecution for the purpose of tolling the statute and an information filed beyond the statutory period is effective to continue a prosecution thus begun. Rouse v. State, 44 Fla. 148, 32 So. 784 (1902); Horton v. Mayo, 153 Fla. 611, 15 So.2d 327 (1943).
Prosecution for offenses not punishable by death must be commenced within two years after commission. Section 932.465(2), Florida Statutes (1973).
"The time within which an offense is committed is a jurisdictional fact in all cases subject to limitation." Mitchell v. State, 157 Fla. 121, 25 So.2d 73 (1946). "A most significant burden of proof is placed upon the State in order to proceed once the jurisdiction of the court is questioned [by] the raising of the statute of limitations." State v. King, 282 So.2d 162 (Fla. 1973).
As to all offenses not punishable by death, not only should the information allege, but the State must prove, the institution of prosecution for the offense charged within two years after the offense was committed. Horton v. Mayo, supra.
Upon the trial of a criminal case, the law places the burden of proof on the prosecution to show that the commission of the offense as charged was committed within the two year period prescribed by statute. Lowe v. State, 154 Fla. 730, 19 So.2d 106 (1944).
As required by Florida Rule of Criminal Procedure 3.190(b), Akers timely moved to dismiss the information. The motion should have been granted because the information on its face showed that the crime charged was barred by the statute of limitations. However, on the basis of the facts submitted by the State at the hearing, the State should have been permitted to amend its information to allege these facts. This was not done but is not an issue before us. Nevertheless, the State should have moved to amend its information which it did not do. Having failed to do this, the State should have produced the evidence at trial which it produced at the hearing on Akers' motion. See Horton v. Mayo, supra. This it did not do and by failing to prove this jurisdictional fact it failed to carry the burden of proof required of it by law. The trial court should have granted Akers' motion for judgment of acquittal.
The law applicable to this case compels us to reverse the judgment appealed.
ERVIN, J., concurs.
MASON, ERNEST, E., Associate Judge, concurs in part and dissents in part.
MASON, ERNEST E., Associate Judge, concurring in part and dissenting in part.
I agree that the judgment and sentence should be reversed but I do not agree that the appellant should be discharged. Rather, the cause should be remanded with direction to the trial court to set aside the judgment and sentence with leave to the State to amend the information to allege facts which, if proven, would toll the running of the statute of limitations.