170 So.2d 340 (1964)
STATE of Florida, Appellant,
v.
Joseph ADJMI, Charles Adjmi, Emile Halfon, a/k/a John McGurney, and Albert George a/k/a Father Leon, Appellees.
No. 64-156.
District Court of Appeal of Florida. Third District.
December 29, 1964.
Rehearing Denied January 19, 1965.
James W. Kynes, Jr., Atty. Gen., and Leonard R. Mellon, Asst. Atty. Gen., Richard E. Gerstein, State Atty., and Joseph Durant, Asst. State Atty., for appellant.
Ulrich, Rubin & Berman, Miami Beach, and Hyman I. Fischbach, Miami, for Adjmi and Halfon.
Harvey J. St. Jean, Miami Beach, for George.
Before CARROLL, HORTON and HENDRY, JJ.
*341 CARROLL, Judge.
This is an appeal by the State of Florida from an order of the criminal court of record of Dade County holding an initial information was abandoned by the later filing of ten other informations and that the latter were barred by the statute of limitations.
On April 27, 1960, a single count information charged the defendants below with larceny of money, checks and securities from one Genevra McAlister between the dates of September 1, 1959 and March 5, 1960.[1]
At trial the state presented evidence relating to fourteen separate larcenies. Motion by defendants to require the state to elect and limit prosecution to one was denied. A conviction resulted, which this court affirmed on the "single impulse theory". See Adjmi v. State, Fla.App. 1962, 139 So.2d 179, 185. On certiorari, the Supreme Court of Florida quashed our decision, and ordered that the judgment be reversed and the cause remanded with directions to the trial court to grant a new trial. Adjmi v. State, Fla. 1963, 154 So.2d 812, 819-820. Our mandate was issued accordingly. Adjmi v. State, Fla.App. 1963, 154 So.2d 820.
After the remand and before proceeding with the new trial the state filed ten additional informations on August 2, 1963, each charging one of the larcenies encompassed by the initial information and for which proof had been offered at the first trial. They were so regarded in the briefs and argument, and no contention is made that the offenses separately charged in the new informations were not among those sought to be proved under the initial information on the first trial.[2]
The trial judge granted defendants' motions to quash and entered the order appealed from, which, as stated above, held that the initial information was abandoned and that the new informations were barred by the statute of limitations. In so holding the able trial judge was in error, and we reverse.
In the opinion by the Supreme Court in this case (154 So.2d 812), it was held that this series of larcenies, from the same owner at different times and places, constituted separate and distinct offenses; that the "single impulse theory" had been rejected earlier in Campbell v. State, 155 Fla. 359, *342 20 So.2d 127; and that at the trial (on the single count information) the state should have been required to specify "which one of the several transactions it elected to stand on".[3]
The effect of the reversal of the judgment of conviction and the remand for new trial left the case standing as if the judgment had not been rendered, and restored the cause to the position it held before the first trial. Ex parte Livingston, 116 Fla. 640, 156 So. 612; Kaminski v. State, Fla. 1954, 72 So.2d 400.
By remanding the cause for new trial, the Supreme Court necessarily treated the initial information as being sufficient for prosecution of one, but only one, of the larcenies provable thereunder as the state should elect. But it was made equally clear that in order to prosecute the others which the initial information concerned, it would be necessary to charge such offenses in separate counts or informations.
The several transactions occurred on various dates between November of 1959 and March of 1960. The initial information, filed in April of 1960 was well within the two-year limitation period. § 932.05 Fla. Stat., F.S.A. The ten later informations, filed August 2, 1963, more than two years after the offenses, would be barred by the statute of limitations unless they were in continuation of the initial prosecution, which had been instituted timely.
It is our opinion that the holding of the trial court that the subsequent ten informations were barred by the statute of limitations was in error because it sufficiently appeared they were in continuation of the original cause. This was disclosed by the circumstances of the case (the need, after remand to separately charge the several offenses encompassed by the initial single count information) and from statements in the new informations linking them with the first.[4] Rouse v. State, 44 Fla. 148, 32 So. 784; Horton v. Mayo, 153 Fla. 611, 15 So.2d 327; Mead v. State, Fla. 1958, 101 So.2d 373; *343 State v. Emanuel, Fla.App. 1963, 153 So.2d 839.
In Mead v. State, supra, the Supreme Court held a subsequent information was so barred because "there was nothing in the last information to link it with the first". That case and the others cited above stand as authority for the proposition that such informations will not be subject to the statute of limitations when they are shown to be connected with and in continuation of a prosecution timely begun.
In the instant case the statements in the new informations, "linking them with the first", hardly could have been stronger or more definite. Under the cases cited above such statements in the new informations of their "linkage" with the first were enough to show they were connected with and in continuation of the original prosecution and thereby to take them out of the statute. Appellees' argument that such a statement in an information alone does not establish that fact so as to avoid the statute of limitations, is without merit here. This is so because in addition the new informations were aided by the showing that the transactions alleged therein were among those which had been proved upon the first trial under the initial information. We hold that the added ten informations were shown to be linked with the first and a continuation of the prosecution which had been timely instituted, and, therefore, that the ten added informations were not barred by the statute of limitations.
The state contends, and we agree, that the trial court was in error in holding that the filing of the ten new informations was an abandonment of the initial information. There is respectable authority for the proposition that the filing of a new indictment or information for an offense charged or included in the first leaves both standing and permits prosecution to proceed under either, where the first has not been quashed or dismissed.[5] See Eldridge v. State, 27 Fla. 162, 9 So. 448; Knight v. State, 42 Fla. 546, 28 So. 759; United States v. Strewl, 2 Cir.1938, 99 F.2d 474, cert. den., 306 U.S. 638, 59 S.Ct. 489, 83 L.Ed. 1039; Morlan v. United States, 10 Cir.1956, 230 F.2d 30; State v. Janiec, 20 N.J. Super. 471, 90 A.2d 98; People v. Schildhaus, 15 Misc.2d 377, 180 N.Y.S.2d 377.
Thus, in this case, the new trial could have proceeded on the initial information or on those later filed, and, therefore, when the trial court ruled that the ten new informations were barred by the statute of limitations the state should have been entitled to prosecute one of the transactions under the first information.
In addition to contending for the statute of limitations, the appellees argued that to try them for the offenses charged in the new informations would constitute double jeopardy, contending they had been tried thereon at the first trial. That argument as to double jeopardy falls, because jeopardy is not considered as having attached where a defendant is erroneously convicted and obtains a reversal of the judgment. Lovett v. State, 33 Fla. 389, 14 So. 837; McNish v. State, 47 Fla. 69, 36 So. 176; § 920.09, Fla. Stat., F.S.A.
Accordingly the order appealed from is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
NOTES
[1] The initial information was as follows: "RICHARD E. GERSTEIN, State Attorney of the Eleventh Judicial Circuit of Florida, in and for Dade County, prosecuting for the State of Florida, in the said County, under oath, information makes that JOSEPH ADJMI, CHARLES ADJMI, JOSEPH LEPANTOF. Also Known As JOSEPH LEPENDORF, EMILE HALFON, Also Known As JOHN McGURNEY, LEON ADJMI and ALBERT GEORGE, Also Known As FATHER LEON of the County of Dade and State of Florida, between the 1st day of September, 1959, and 5th day of March, in the year of our Lord, one thousand nine hundred and sixty, in the County and State aforesaid, did then and there unlawfully and feloniously take, steal, and carry away the money, goods and chattels of one GENEVRA M. McALISTER to-wit: CASH, GOOD AND LAWFUL MONEY OF THE UNITED STATES OF AMERICA, CHECKS, NEGOTIABLE BONDS and PREFERRED STOCK, a further and more particular description of said money, goods and chattels being to the State Attorney unknown, being then and there of the value of MORE than ONE HUNDRED DOLLARS ($100.00) good and lawful money of the United States of America, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida."
[2] These informations separately charged larcenous taking by defendants from the said McAlister, of the following: (1) Check for $6,500 on November 10, 1959; (2) Check for $30,000 on November 17, 1959; (3) Check for $56,000 on December 17, 1959; (4) Check for $5,000 on January 5, 1960; (5) Check for $90,000 on January 7, 1960; (6) Check for $100,000 on January 15, 1960; (7) Check for $18,500 on January 21, 1960; (8) Checks for $119,995.92 on January 27, 1960; (9) Cash and checks of $71,791.54 on February 10, 1960; (10) Check for $7,126.28 on March 3, 1960.
[3] In discussing the need to elect at the first trial, the Supreme Court noted that several of the transactions were shown to have taken place in another state, and remarked that if one of those had been singled out by the state for prosecution a dismissal would have followed. The fact that several of the fourteen claimed larcenies took place out of the state may serve to explain why, after remand, in preparing to prosecute them separately, the state filed informations on only ten.
[4] In each of the ten informations filed on August 2, 1963, the following was alleged: "That, subsequent to [here inserting the date of the transaction], a Criminal Information was filed on the 27th day of April, 1960, in the Criminal Court of Record in and for Dade County, Florida, being Case No. 60-2001, wherein the said defendants, JOSEPH ADJMI, CHARLES ADJMI, EMILE HALFON, also known as JOHN McGURNEY, and ALBERT GEORGE, also known as FATHER LEON, were charged with the crime of Grand Larceny. The defendants were arrested on capiases issued in this case and thereafter the defendants, JOSEPH ADJMI, CHARLES ADJMI and EMILE HALFON, appeared on the 29th day of April, 1960, before the said Criminal Court of Record in and for Dade County, Florida, and entered their respective pleas of not guilty to the charge of Grand Larceny, as recited in Case No. 60-2001. Thereafter, ALBERT GEORGE, also known as FATHER LEON, appeared before the Criminal Court of Record in and for Dade County, Florida, on the 18th day of October, 1960, and entered his plea of not guilty to the charge of Grand Larceny, as recited in Case No. 60-2001. Thereafter, under appropriate proceedings in the Supreme Court of Florida and the District Court of Appeal, Third District, pursuant to these proceedings, a mandate was issued by the District Court of Appeal, Third District, on the 3rd day of July, 1963, returning Case No. 60-2001, charging the said defendants with Grand Larceny, as aforesaid, to the jurisdiction of the Criminal Court of Record in and for Dade County, Florida. Pursuant to said decision and mandate, this is a continuation of the charge of Grand Larceny, as recited in Case No. 60-2001, filed with the Criminal Court of Record in and for Dade County, Florida."
[5] Because the first information was not quashed or set aside for a "defect, omission or insufficiency in the contents or form thereof", we are not concerned here with § 932.05, Fla. Stat., F.S.A., which allows the filing of a new indictment or information when the earlier one is quashed or set aside after the two-year period has elapsed.