217 So.2d 610 (1969)
Edward Dominik WILK, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 68-223, 68-224.
District Court of Appeal of Florida. Third District.
January 7, 1969.
*611 Richard Barest, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and BARKDULL and HENDRY, JJ.
PER CURIAM.
By two informations the appellant was charged with having committed a crime against nature and a lewd, lascivious or indecent assault upon two minors under the age of 14 years, in violation of § 800.01 and § 800.04, Fla. Stat., F.S.A. respectively. He was tried thereon without a jury, found and adjudged guilty, and sentenced to imprisonment for two consecutive terms of one year.
On this appeal taken by the defendant he presents two points for our consideration, viz:
"Whether the trial court erred to the extent of denying the defendant due process of law when it severely restricted cross-examination by defense counsel of the alleged victims and the arresting officer, refused to require psychiatric examination of the complaining witnesses, in ruling that the state had proven the defendant guilty beyond and to the exclusion of every reasonable doubt.
* * * * * *
"Whether the trial court erred in denying the defendant's motion to quash informations when said informations were not filed within the time period set forth by the court."
Regarding the first point, appellant contends the court improperly restricted his cross-examination of the two complaining witnesses and the arresting officer. The record does not support that contention. It is disclosed that the matters as to which appellant claims he was so restricted on cross-examination were either outside the scope of the direct examination or were not germane. A further contention of appellant on this point is that the court committed error in denying his request, made during the trial, for the complaining witnesses to be required to submit to psychiatric examination. That ruling was one within the sound judicial discretion of the court, and abuse of discretion was not shown.
*612 On considering the appellant's second point, we find no error is disclosed. The appellant's contention there was that the court incorrectly denied his motion to quash the informations because they were not filed within a period of time specified by the trial court following a ruling quashing the original informations. The latter were filed on May 16, 1966, and were quashed on July 19, 1966, by an order which allowed the state until September 28, 1966, to file new informations. Subsequently the court extended the time twenty days, that is, to October 18. The new informations were filed on October 26, which was eight days after the time fixed by the court. We reject as unsound the argument of the appellant that the failure of the state to file the new informations within the time set by the trial court resulted in loss of jurisdiction to prosecute the appellant for said offenses. When the state fails to file a new information within a period so fixed by the trial court, a defendant, if in custody, will be released, or if bailed, he and his surety released therefrom (§ 909.05 Fla. Stat., F.S.A., State v. Diamond, Fla. 1966, 188 So.2d 788), but jurisdiction of the state to refile is not thereby lost. For example, under § 932.05 Fla. Stat., F.S.A., where an information filed within the applicable statutory limitation period is quashed after the period has lapsed, a new indictment may be found or a new information filed for such offense at any time within 3 months, and that statute imposes no condition or requirement for permission by the court and makes no reference to any time fixed by the court. See State v. Adjmi, Fla.App. 1964, 170 So.2d 340. If the state is allowed by statute to file new informations in such cases, then, a fortiori the state may file new informations in this case, where the statutory period has not yet run.
Affirmed.