228 So.2d 630 (1969)
The STATE of Florida, Appellant,
v.
Doris Cook FATTORUSSO, Appellee.
No. 68-475.
District Court of Appeal of Florida. Third District.
December 2, 1969.
*631 Earl Faircloth, Atty. Gen., and Arden M. Siegendorf, Asst. Atty. Gen., Richard E. Gerstein, State's Atty., and Charles D. Edelstein, Asst. State's Atty., for appellant.
Irwin J. Block and Barry N. Semet, Miami, for appellee.
Before PEARSON, C.J., and BARKDULL and SWANN, JJ.
SWANN, Judge.
The defendant below, Doris Cook Fattorusso, was charged by information with the crime of performing an abortion. She filed a motion to quash. The trial court treated it as a motion to dismiss and on March 14, 1968 orally dismissed the information with leave for the state to refile within twenty (20) days. The oral grounds stated for the dismissal of the information were that it contained the word "shot * * * the term shot is slang * * * means nothing * * * is not good in an information * * * proper term is a hypodermic injection."
The state failed to refile an information against this defendant within the twenty days and on April 22, 1968 the trial court entered its written order dismissing "the information with prejudice."
The state filed a motion to vacate the written order of dismissal with prejudice alleging, inter alia, that such order was not requested by the defendant; that the state was not given notice or heard prior to the entry of the order of dismissal with prejudice; and that the state's failure to refile the information was due to excusable neglect based upon misinterpretation of the court's action. A hearing was held on the motion to vacate and it was denied. The state has appealed from the written order dismissing the information with prejudice and argues that the trial court committed reversible error in dismissing "the information with prejudice" and in orally dismissing the information originally on the ground that the word "shot" was used therein.
It is conceded that the statute of limitation has not expired on this charge and it appears that no objections were raised, or *632 argued as to the timeliness of any of the proceedings below.
The state argues that the written order "dismissing the information with prejudice" should be reversed because its failure to refile an information within the time limit set in the oral order of dismissal did not result in loss of its authority or power to prosecute the defendant for this alleged offense. It cites, as authority, Wilk v. State, Fla.App. 1969, 217 So.2d 610. It states in part:
"* * * When the state fails to file a new information within a period so fixed by the trial court, a defendant, if in custody, will be released, or if bailed, he and his surety released therefrom (§ 909.05 Fla. Stat., F.S.A., State v. Diamond, Fla. 1966, 188 So.2d 788), but jurisdiction of the state to refile is not thereby lost. For example, under § 932.05 Fla. Stat., F.S.A., where an information filed within the applicable statutory limitation period is quashed after the period has lapsed, a new indictment may be found or a new information filed for such offense at any time within 3 months, and that statute imposes no condition or requirement for permission by the court and makes no reference to any time fixed by the court. See State v. Adjmi, Fla.App. 1964, 170 So.2d 340. If the state is allowed by statute to file new informations in such cases, then, a fortiori the state may file new informations in this case, where the statutory period has not yet run."
The defendant argues that the written order "dismissing the information with prejudice" should be affirmed because a trial court is vested with inherent authority to control its docket and proceedings and, in addition, this matter is governed by the holding in Balikes v. Speleos, Fla.App. 1965, 173 So.2d 735.
In Speleos a defendant was charged with certain offenses in the Metropolitan Court of Dade County, Florida and was kept in jail for ten days because he was unable to post bond after pleading not guilty. He was represented by the Public Defender who was unable to defend the case on the scheduled trial date and the Metropolitan Judge entered an order and judgment releasing the defendant forthwith and dismissing the charges against him. The next day the state filed new affidavits against him alleging the same charges. The defendant sought and was granted a writ of prohibition in the Circuit Court.
The Circuit Court, in granting the writ of prohibition, stated:
* * * * * *
"The proper procedure for the State to follow when a charge is dismissed, and in the State's opinion the trial court judge's act was erroneous or improper, is to file a motion with the trial judge to modify or vacate his order of dismissal within the time allowed for taking an appeal, otherwise the Metropolitan Court loses jurisdiction to consider such motion. Such motion, together with a notice of hearing thereon must be served on the defendant or his attorney. After a proper hearing before the said trial judge and upon cause shown, the trial court may vacate, modify or permit a refiling or deny the motion as it deems advisable."
* * * * * *
This court, in affirming the Circuit Court, found that the Metropolitan Judge clearly intended his order to be a final judgment and that he had concluded that the constitutional rights of that defendant had been violated to such an extent that he could not receive a fair trial.
The finding by the Metropolitan Court that the constitutional rights of Speleos had been violated were not properly before this court for review in that appeal, however, and no appellate ruling could be or was made on that point.
In Wilk, supra, there was a procedural violation by the state of an order of the trial judge. It would appear that under *633 those circumstances the state did not lose authority or power to refile an information against the defendant.
We recognize the inherent right of the trial court to dismiss an action because of non-compliance with its orders in the interests of the orderly administration of justice.
Dismissal of an action with prejudice is a drastic punishment and should not be invoked except in those cases where the actions of the party shows a deliberate and contumacious disregard of the court's authority.
We find that the case sub judice involved non-compliance by the state with a procedural order of the trial court and absent a showing of a continuous, deliberate or flagrant violation of such procedural orders we believe the trial court abused its discretion and authority in dismissing the information with prejudice. There is no showing here that the defendant was being deprived or denied any constitutional rights or privileges by the state. There is no showing in the record that defendant was denied a right to a speedy trial; or that she had ever filed a written demand for a speedy trial, or that the state had violated any other constitutional rights or privileges of the defendant at this stage of the proceeding. There was simply a non-deliberate violation of an oral court order involving a procedural matter at this stage of the proceedings.
Under these circumstances we find that the trial court abused its discretion in entering the written order dismissing the information with prejudice.
The state has asked us to review and reverse the prior oral order of the trial court which dismissed the information because the word "shot" was used in the information instead of hypodermic injection. This we may not do. State v. Shouse, Fla.App. 1965, 177 So.2d 724.
We affirm the written order dismissing the information but reverse that portion of the order which was "with prejudice" and remand for such further action as may be consistent herewith.
It is so ordered.