277 So.2d 543 (1973)
The STATE of Florida, Appellant,
v.
Richard Ervin WELLS, Appellee.
Nos. 72-1368, 72-1369.
District Court of Appeal of Florida, Third District.
May 22, 1973.
Richard E. Gerstein, States Atty., and Joseph Durant, Asst. State Atty., for appellant.
Phillip A. Hubbart, Public Defender and Bennett H. Brummer, Asst. Public Defender, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
*544 PER CURIAM.
These consolidated appeals by the state of Florida are from an order of the Criminal Court of Record of Dade County dismissing informations which the state had refiled against appellee charging him with conspiracy and grand larceny.
When the cases, based upon the first informations, were called for trial the record shows the following proceedings:
"THE COURT: Richard Wells.
"MR. HAGGARD: The defense would announce ready subject to the Motion to Dismiss.
"THE COURT: State?
"MR. MORGAN: Your Honor, this is my case.
"THE COURT: Are you ready?
"MR. MORGAN: To tell you the truth I don't know if I'm ready or not. I have to check to see if the witnesses are here.
"THE COURT: Case dismissed."
The state, within one month after dismissal of the original information, refiled the charges against the appellee. Thereupon the trial court of its own motion dismissed the refiled informations. In its order the court stated:
"This cause came on to be heard before me, and it appearing to the Court that the above styled cause was refiled without the Court's permission, it is, thereupon,
"ORDERED AND ADJUDGED, upon the Court's own motion, that the refiled information in the above entitled cause be and it is hereby dismissed for failure of the State to obtain the Court's permission to refile the Information."
The sole point on appeal is whether the trial court erred in dismissing the refiled informations for failure of the state to obtain the court's permission to refile them.
We have concluded that the trial court's action was erroneous, therefore, we must reverse. The statute of limitation is not involved here. There is no question as to the timeliness of the proceedings. Neither the statutes, rules nor the decisional authority make any reference to any requirement that the court's permission must first be obtained. See: State v. Fattorusso, Fla.App. 1969, 228 So.2d 630; Wilk v. State, Fla. App. 1969, 217 So.2d 610.
The orders appealed from are hereby reversed.