PER CURIAM.
The appellant, Eugenio Fondon, appeals his convictions for first-degree murder, armed robbery, armed burglary and attempted kidnapping.
On appeal, the appellant raises, for the first time, the issue regarding whether the appellant’s prosecution, and subsequent convictions and sentences, for the crimes of armed robbery, armed burglary and attempted kidnapping, are barred by the applicable Statute of Limitations. In support of that position, the appellant cites Maguire v. State, 453 So.2d 438 (Fla. 2d DCA 1984), which, in turn, bases its opinion upon the case of Mead v. State, 101 So.2d 373 (Fla.1958). We find that the appellant’s reliance on this line of authority is misplaced. Specifically, the facts giving rise to the Supreme Court’s opinion in Mead are quite distinguishable from the facts in the instant case. In Mead, “[t]he appellant did raise the point in his motion for a new trial ...,” Mead at 375, filed in the trial court, unlike the instant case where this issue has never been presented, in any context, to the trial court. See Sochor v. State of Florida, 580 So.2d 595 (Fla.1991). Therefore, as to the Statute of Limitations issue, and based upon the state of the record in this case, relief based upon this point is only available to the appellant, if at all, after an evidentiary hearing is held at the trial court level. Accordingly, our affirmance on this point is without prejudice to the appellant filing an appropriate motion, at the trial court level, seeking post-conviction relief.
Having resolved the foregoing, we note that, in imposing the life sentence in connection with the first degree murder charge, the trial court incorrectly included a requirement that the appellant serve a three-year mandatory minimum period of time before being eligible for parole. Upon remand, the trial court is directed to correct the sentence to reflect that the proper sentence is life imprisonment without the possibility of parole for twenty-five calendar years. In all other regards, the judgment and sentence entered in connection with the first-degree murder count are affirmed.
Therefore, except as to the correction to the first-degree murder sentence, the judgments and sentences of the trial court are affirmed.
Affirmed, but remanded with directions.