PER CURIAM.
The question presented is whether the trial judge erred in dismissing criminal charges against Appellee. Although we are sympathetic with the situation faced by the trial court, we cannot affirm the order on this record.
After the State had obtained two previous continuances, it appeared for trial unprepared to go forward. The State sought a third continuance because the evidence (suspected drugs) had not been transmitted to the laboratory for testing. The trial judge, having granted the State’s previous continuance motion for the same reason, was undoubtedly disturbed by the State’s inaction and denied the motion. Trial could not be started immediately, however, because Appellee had not been transported from detention. The court then invited a defense Motion to Dismiss and summarily granted same, apparently based on the State’s negligence in preparation of the case and other issues not clearly developed in the record. The court concluded that dismissal was justified due to the State’s “failure to prosecute.” This was error.
Although dismissal of criminal charges is an available sanction, it is only appropriate when the State has “show[n] a deliberate and contumacious disregard of the court’s authority.” State v. Fattorusso, 228 So.2d 630, 633 (Fla. 3d DCA 1969). Here, because the lower court misapprehended the applicable law in granting the defense motion and failed to offer the State an adequate opportunity to controvert the ore terms motion, reversal for a new hearing on the Motion to Dismiss is warranted.
Upon remand, the court must give the parties an opportunity to argue the motion, and the State must be given an opportunity to explain or rebut any factual allegations of misconduct. If the trial court determines that dismissal is justified under the appropriate standard, it should make findings of fact that support its conclusion so that meaningful review is available.
REVERSED and REMANDED.
PLEUS, MONACO and TORPY, JJ., concur.