919 So.2d 481 (2005)
The STATE of Florida, Appellant,
v.
Derrek Carnell DOUGLAS, Appellee.
No. 3D04-1070.
District Court of Appeal of Florida, Third District.
November 2, 2005.
Rehearing and Rehearing Denied February 1, 2006.
*482 Charles J. Crist, Jr., Attorney General, and Meredith L. Balo, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Gwendolyn Powell Braswell, Assistant Public Defender, for appellee.
Before COPE, C.J., and SHEPHERD and ROTHENBERG, JJ.
Rehearing and Rehearing En Banc Denied February 1, 2006.
COPE, C.J.
The question before us is whether the trial court correctly dismissed one count of a two-count information on the theory that the statute of limitations had expired. We conclude that the charge was timely filed and remand for further proceedings.

I.
Defendant-appellee Derrek Carnell Douglas was charged with sexual battery and kidnapping. At his original trial, the court gave (over defense objection) an instruction on aggravated battery as a lesser included offense of the charge of sexual battery. The defendant was convicted of that lesser offense, aggravated battery, as well as false imprisonment as a lesser included offense of the charge of kidnapping.
On appeal to this court, the defendant argued that based on the wording of the charging document, aggravated battery was not a proper lesser included offense for the sexual battery charge. The court said:
The State correctly concedes that the conviction for aggravated battery cannot stand because the information charging Douglas with sexual battery does not allege the essential elements of aggravated battery: That defendant intentionally or knowingly caused great bodily harm.
Douglas v. State, 841 So.2d 697, 698 (Fla. 3d DCA 2003) (citations omitted). The State also conceded that there had been a jury selection error which required a new trial. Id. This court reversed the judgment and remanded the case to the trial court.
On remand, the State filed a new information ("the second information") which charged the defendant with aggravated battery and false imprisonment. The defense moved to dismiss the aggravated battery charge as being barred by the statute of limitations. The defense argued that the second information did not relate back to the time of filing of the original sexual battery charge. The trial court agreed with the defense position and dismissed the aggravated battery count. The State has appealed. See Fla. R.App. P. 9.140(c)(1)(A).[1]

II.
This court has said that subsequently-filed informations "will not be subject to the statute of limitations when they are shown to be connected with and in continuation of a prosecution timely begun." State v. Adjmi, 170 So.2d 340, 343 (Fla. 3d DCA 1964) (citing Mead v. State, 101 So.2d 373 (Fla.1958)). The question is whether a sufficient connection has been shown to exist in this case.
The defendant was convicted of aggravated battery in the original trial, and the second information is for the offense of aggravated battery. In the defendant's original appeal, this court ruled that the original information (which charged sexual battery) did not include aggravated battery as a lesser included offense because the sexual battery charge omitted an essential element: "That defendant intentionally *483 or knowingly caused great bodily harm." Douglas, 841 So.2d at 698 (citations omitted). The defendant contends that by adding the missing essential element, the State has lodged a new charge against the defendant which cannot be viewed as a continuation of, or sufficiently linked with, the original prosecution.
While the defendant's argument is a substantial one, we conclude that sufficient linkage exists in this case and that the charge should not have been dismissed.
The original information for sexual battery contained a reference which we interpret as being a reference to the offense of aggravated battery. The original information on the sexual battery charge alleged in part that the defendant "used actual physical force likely to cause serious personal injury, in violation of § 794.011(3) and § 775.087, Fla. Stats...."
While section 775.087, Florida Statutes, is most frequently invoked in cases involving possession or use of a weapon, section 775.087 also provides for an enhanced penalty where, during the commission of a felony, "the defendant commits an aggravated battery. . . ." § 775.087(1), Fla. Stat. (1999). In the present case, there was no allegation or contention that the defendant possessed or used a weapon during the sexual battery offense. By process of elimination, the citation of section 775.087 (which is juxtaposed to an allegation that the defendant "used actual physical force likely to cause serious personal injury") can only be a reference to the aggravated battery enhancement contained within section 775.087. That being so, sufficient connection has been shown.[2]
The defendant argues that the law of the case doctrine bars the analysis just stated. The defense reasons that since the previous panel ruled that the original sexual battery charge was missing an essential element of the offense of aggravated battery, it is impermissible for this court now to consider that the citation of section 775.087 was necessarily a reference to the offense of aggravated battery.
We do not agree with the defense position on this point. The question for the prior panel was whether the charge of sexual battery, as written, omitted an essential element of the offense of aggravated battery. Our inquiry, by contrast, is whether there is sufficient linkage between the original and second informations so that the second information is sufficiently connected with, and properly viewed as a continuation of, the original charge.
In Adjmi, the State presented evidence relating to fourteen separate larcenies committed by the defendant. 170 So.2d at 341. The Florida Supreme Court held that these were incorrectly charged, and should have been filed in separate informations. The court reversed the convictions and ordered a new trial. See Adjmi v. State, 154 So.2d 812 (Fla.1963). On remand, the original information was treated as timely for one of the offenses charged. The State filed ten additional informations covering ten of the other incidents. The ten new informations were filed over two years after the offense date, and thus beyond the then-existing statute of limitations. This court held that the new informations were sufficiently linked to the original prosecution to be viewed as a continuation thereof, and timely for limitations purposes. Adjmi, 170 So.2d at 343.
As in Adjmi, we conclude that sufficient linkage to the original information has *484 been shown so that the second information is properly viewed as a continuation there. Accordingly we reverse the dismissal order and remand with directions to reinstate the charge.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[1] The false imprisonment charge remains pending.
[2] On its own motion, this court raised the question regarding the meaning of the citation to section 775.087 in the original information and requested additional briefing from the parties on that point.