GREEN, J.
Federico Labrador appeals from a withhold of adjudication and sentences imposed for multiple counts of fraud and grand theft. We reverse in part, affirm in part, and remand.
On April 30, 2002, Labrador, a physician’s assistant, was charged by information with two counts of making false insurance claims and two counts of grand theft. State Farm Insurance and Fortune Insurance were the victims in the separate counts. Specifically, Count I of the information charged that:
FEDERICO TOMAS LABRADOR on or BETWEEN FEBRUARY 16, 2000 AND APRIL 19, 2000 ... did unlawfully, willfully and feloniously and with the intent to injure, defraud or deceive an insurance company, to wit: FORTUNE INSURANCE, present, cause to be presented, or prepare or make with knowledge or belief that it would be presented to any insurer, purported insurer, servicing corporation, insurance broker, or insurance agent, or any employee or agent thereof, any false, incomplete, or misleading information or written or oral statement as part of or in support of AND/OR a claim for payment or other benefit pursuant to an insurance poli *1071 cy knowing that such statement contained false, incomplete or misleading information concerning any fact or thing material to such claim, to wit: FRAUDULENT INSURANCE MEDICAL BILLINGS FOR HORACIO ACOSTA, in violation of s. 817.234(1) and s[.] 777.011[,] Florida Statutes, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.
Similarly, Count II provided that:
FEDERICO TOMAS LABRADOR on or BETWEEN JUNE 27, 2000 AND AUGUST 10, 2000 ... did unlawfully, willfully and feloniously and with the intent to injure, defraud or deceive an insurance company, to wit: STATE FARM INSURANCE COMPANY[,] present, cause to be presented, or prepare or make with knowledge or belief that it would be presented to any insurer, purported insurer, servicing corporation, insurance broker, or insurance agent, or any employee or agent thereof, any false, incomplete, or misleading information or written or oral statement as part of or in support of AND/OR a claim for payment or other benefit pursuant to an insurance policy knowing that such statement contained false, incomplete or misleading information concerning any fact or thing material to such claim, to wit: FRAUDULENT MEDICAL BILLINGS FOR WILLIE AMOS, in violation of s. 817.234(1) and s[.] 777.011[,] Florida Statutes, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.
On December 22, 2003, the State filed an amended information that added a new crime, organized scheme to defraud; as well as five counts of insurance fraud and three counts of grand theft. Labrador moved to dismiss the organized scheme to defraud claim on statute of limitations grounds. Before the motion was heard, the State amended the information several more times. The final information was filed on September 20, 2004, and brought forty-six counts against Labrador, including the count for organized scheme to defraud, which alleged that:
FEDERICO TOMAS LABRADOR and JOSE ANTONIO TERUEL, on or between February 16, 2000 and August 21, 2000 ... acting in concert each with the other, and with MICHELE HUARTE, did unlawfully and feloniously engage in a scheme to defraud as defined by s. 817.034(3)(d), by engaging in a systematic, ongoing course of conduct with intent to defraud one or more persons, to wit: STATE FARM INSURANCE and/or FORTUNE INSURANCE and/or THEIR OWNERS and/or PRINCIPALS and/or SHAREHOLDERS, by false or fraudulent pretenses, representations, or promises or willful misrepresentations of a future act, and did thereby obtain" property, to wit: PAYMENT FOR MEDICAL SERVICES NOT RENDERED, of an aggregate value of less than twenty thousand dollars ($20,-000.00), the property of STATE FARM INSURANCE and/or THEIR OWNERS and/or PRINCIPALS and/or SHAREHOLDERS, as owner or custodian, in violation of s. 817.034(4)(a)3 and s. 777.011, Fla. Stat., contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.
Labrador, again, moved to dismiss the charge of organized scheme to defraud on statute of limitations grounds. The motion claimed that the charge was brought more than three years after the last incident of fraud was alleged to have occurred (August 21, 2000). The trial court denied the *1072 motion to dismiss and Labrador was tried on all of the joined counts. The jury found Labrador guilty of three counts of insurance fraud, two counts of communications fraud, of the organized scheme to defraud count and of a single count of grand theft.[1] Adjudication was withheld and Labrador was sentenced to a term of probation.
On this appeal, Labrador claims, among other things, that the trial court erred in failing to dismiss the organized scheme to defraud count because it was filed after the statute of limitations had expired. We agree and reverse on this ground only.
The charge of organized scheme to defraud, a third-degree felony, was filed against Labrador on December 22, 2003. The alleged incidents giving rise to the charge occurred between February 16, 2000, and August 21, 2000. The statute of limitations for a third-degree felony is three years. See § 775.15(2)(b), Fla. Stat. (2000). Since this charge was filed more than three years after the last alleged incident, Labrador is correct in his assertion that the charge was time barred.
The dissent, relying on cases where the State refiled the same crimes previously charged against the defendant,[2] or instances where the “new” crime had been raised in a previously, timely filed information,[3] opines that the organized scheme to defraud count is not time barred because it is merely a continuation of the original prosecution for making false insurance claims and grand theft. It is not.
“A superseding indictment brought after the statute of limitations has expired is valid so long as the original indictment is still pending and was timely and the superseding indictment does not broaden or substantially amend the original charges.” United States v. Italiano, 894 F.2d 1280, 1282 (11th Cir.1990).
Here, the State brought a new charge, alleging a new and distinct crime with different elements, under a completely different statute. It flies in the face of reason, and the law, to find that the organized scheme to defraud count in this case was a continuation of the original prosecution. Accordingly, we reverse in part, affirm in part, and remand with instructions that the claim of organized scheme to defraud be dismissed.
COPE, J., concurs.

. The trial court vacated the grand theft conviction on double jeopardy grounds.

. See Rubin v. State, 390 So.2d 322, 324 (Fla. 1980), where the subsequent amended information was deemed a continuation of the same prosecution because the second information noted that it was a refile and because it charged identical crimes. Similarly, in State v. Garofalo, 453 So.2d 905, 906 (Fla. 4th DCA 1984), a subsequent information which changed the name of the victim but maintained identical allegations of criminal conduct was deemed a continuation of the original prosecution.

. In State v. Douglas, 919 So.2d 481 (Fla. 3d DCA 2005), the defendant had been charged with sexual battery and convicted of aggravated battery as a lesser included crime. On appeal, this court reversed the defendant’s conviction on grounds that the information did not contain an essential allegation for the crime of aggravated battery and thus the instruction for this lesser included should not have been given to the jury. On remand, after the statute of limitations had expired, the State filed an information for aggravated battery. The defense moved to dismiss on statute of limitations grounds. The trial court granted the motion and the State appealed. We reversed finding that the first (original) information made reference to aggravated battery by citing to Florida Statute 775.087 (1999), and as such the new information charging the defendant with aggravated battery was properly connected to, and in the continuation of, the original timely filed prosecution.