*1073 ROTHENBERG, J.
(concurring in part, and dissenting in part).
I concur with the majority opinion in affirming the trial court’s order of judgment and sentence. Unlike the majority, however, I find no error in the trial court’s failure to dismiss the organized scheme to defraud count as being time barred, as there is sufficient linkage between the original and final amended informations to properly view the organized scheme to defraud count as a continuation of the original timely filed charge of fraud. I, therefore, respectfully dissent as to this point, and I would affirm the trial court’s order on all grounds.
The State filed its original information on or about April 30, 2002, charging Labrador with two counts of making false and fraudulent insurance claims and two counts of grand theft. The victims in the separate counts were State Farm Insurance and Fortune Insurance. Count I of the original information states as follows:
FEDERICO TOMAS LABRADOR on or BETWEEN FEBRUARY 16, 2000 AND APRIL 19, 2000 ... did unlawfully, willfully and feloniously and with the intent to injure, defraud or deceive an insurance company, to wit: FORTUNE INSURANCE, present, cause to be presented, or prepare or make with knowledge or belief that it would be presented to any insurer, purported insurer, servicing corporation, insurance broker, or insurance agent, or any employee or agent thereof, any false, incomplete, or misleading information or written or oral statement as part of or in support of AND/OR a claim for payment or other benefit pursuant to an insurance policy knowing that such statement contained false, incomplete or misleading information concerning any fact or thing material to such claim, to wit: FRAUDULENT INSURANCE MEDICAL BILLINGS FOR HORACIO ACOSTA, in violation of s. 817.234(1) and s[.] 777.011[,] Florida Statutes, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.
Similarly, Count II of the original information states as follows:
FEDERICO TOMAS LABRADOR on or BETWEEN JUNE 27, 2000 AND AUGUST 10, 2000 ... did unlawfully, willfully and feloniously and with the intent to injure, defraud or deceive an insurance company, to wit: STATE FARM INSURANCE COMPANY[,] present, cause to be presented, or prepare or make with knowledge or belief that it would be presented to any insurer, purported insurer, servicing corporation, insurance broker, or insurance agent, or any employee or agent thereof, any false, incomplete, or misleading information or written or oral statement as part of or in support of AND/OR a claim for payment or other benefit pursuant to an insurance policy knowing that such statement contained false, incomplete or misleading information concerning any fact or thing material to such claim, to wit: FRAUDULENT MEDICAL BILLINGS FOR WILLIE AMOS, in violation of s. 817.234(1) and s[.] 777.011[,] Florida Statutes, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.
On or about December 22, 2003, the State filed ah amended information, wherein it nolle prossed the four original counts and added one count of organized scheme to defraud (a new Count I, which ultimately became Count 42), five counts of false and fraudulent insurance claims, and three counts of grand theft. Subsequent *1074 ly, the State amended the information several more times until it filed the final amended information on or about September 20, 2004, charging Labrador and a co-defendant, Jose Antonio Teruel, with forty-six counts of third degree felonies, including the organized scheme to defraud count (Count 42), for acts committed on or between February 16, 2000, through August 21, 2000. Count 42 of the final amended information states that:
■FEDERICO TOMAS LABRADOR and JOSE ANTONIO TERUEL, on or between February 16, 2000 and August 21, 2000 ... acting in concert each with the other, and with MICHELE HUARTE, did unlawfully and feloniously engage in a scheme to defraud as defined by s. 817.034(3)(d), by engaging in a systematic, ongoing course of conduct with intent to defraud one or more persons, to wit: STATE FARM INSURANCE and/or FORTUNE INSURANCE and/or THEIR OWNERS and/or PRINCIPALS and/or SHAREHOLDERS, by false or fraudulent pretenses, representations, or promises or willful misrepresentations of a future act, and did thereby obtain property, to wit: PAYMENT FOR MEDICAL SERVICES NOT RENDERED, of an aggregate value of less than twenty thousand dollars ($20,-000.00), the property of STATE FARM INSURANCE and/or THEIR OWNERS and/or PRINCIPALS and/or SHAREHOLDERS, as owner or custodian, in violation of s. 817.034(4)(a)3 and s. 777.011, Fla. Stat., contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.
The majority correctly states that the crime of organized scheme to defraud is a third degree felony and that the statute of limitations for a third degree felony is three years. The criminal activity giving rise to the organized scheme to defraud occurred between February 16, 2000, and August 21, 2000. If we were to look at the December 2003 information in isolation, then I would agree with the majority that the organized scheme to defraud charge was time barred as it was filed more than three years after the last alleged criminal activity. However, the December 2003 information was simply a continuation of the same prosecution, which was timely commenced by the State when it filed the original information on or about April 30, 2002, charging Labrador with two counts of fraud.
Florida’s courts consistently have held that “[a] subsequently filed information, which contains language indicating that it is a continuation of the same prosecution, timely commenced will not be considered an abandonment of the first information and therefore[,] will not be barred by the statute of limitations.” Rubin v. State, 390 So.2d 322, 324 (Fla.1980); see also State v. Douglas, 919 So.2d 481, 482 (Fla. 3d DCA 2005)(“[S]ubsequently-filed informations ‘will not be subject to the statute of limitations when they are shown to be connected with and in continuation of a prosecution timely begun.’ ”) (quoting State v. Adjmi, 170 So.2d 340, 343 (Fla. 3d DCA 1964)); State v. Sharpe, 807 So.2d 818, 818 (Fla. 4th DCA 2002)(affirming the trial court’s order based on the Rubin and Adjmi precedent that an amended information shown to be connected with and a continuation of an original information will not be subject to the statute of limitations if the original information was timely filed); see also United States v. Italiano, 894 F.2d 1280, 1282 (11th Cir.l990)(“A superseding indictment brought after the statute of limitations has expired is valid so long as the original indictment is still pending and was timely and the superseding indictment does not broaden or substantially amend the original charges.”).
*1075 Here, as Labrador concedes, the original information was timely filed on or about April 30, 2002. Thus, the only question is whether a sufficient connection has been shown to exist between the original information and the final amended information. Upon examining the language of the original information, the subsequent amended informations, and the final amended information, I would conclude that “sufficient linkage exists in this case and that the charge should not [be] dismissed,” Douglas, 919 So.2d at 483, as the three-year limitation period was tolled by the filing of the original information.
As the Fourth District Court of Appeal correctly noted in State v. Garofalo:
The sole purpose of a statute of limitations in the criminal context is to prevent the State from hampering defense preparation by delaying prosecution until a point in time when its evidence is stale and defense witnesses have died, disappeared or otherwise become unavailable. Since one who has been squarely put on notice of criminal activities with which he is charged is in a position to begin preparation of a defense on those charges, courts have traditionally held that a valid indictment tolls the statute of limitations, and that return of a superceding [sic] indictment prior to the dismissal of the original indictment does not violate the statute of limitations if the superceding [sic] indictment does not substantially alter the charge.
State v. Garofalo, 453 So.2d 905, 906 (Fla. 4th DCA 1984) (citations omitted). “For purposes of the statute of limitations, the ‘charges’ in the superseding indictment are defined not simply by the statute under which the defendant is indicted, but also by the factual allegations that the government relies on to show a violation of the statute.” Italiano, 894 F.2d at 1282.[4] “If the allegations and charges are substantially the same in the old and new indictments, the assumption is that the defendant has been placed on notice of the charges against him. That is, he knows that he will be called to account for certain activities and should prepare a defense.” Id. at 1283.
Based on the case law discussed above, I do not agree with the majority that the organized scheme to defraud is an entirely new crime for which the limitations period has expired. In this case, Labrador was clearly put on notice as to the criminal activity charged in the organized scheme to defraud count. Specifically, the factual allegations surrounding the criminal activity are the same, the dates and the victim insurance companies are the same, and the potential witnesses would be the same. The original timely filed information charged Labrador with (1) making false and fraudulent insurance claims between February 16, 2000, and April 19, 2000 to Fortune Insurance for Horacio Acosta, and (2) making false and fraudulent insurance claims between June 27, 2000, and August 10, 2000 to State Farm Insurance for Willie Amos. The amended informations charging Labrador with organized scheme to defraud alleges that he schemed to defraud these same two insurance companies during the same time frame from February 16, 2000, to August 21, 2000. Consequently, I would hold that the original information charging Labrador with two counts of fraud, which was timely filed, *1076 tolled the statute of limitations as to the organized scheme to defraud charge, since a sufficient connection has been shown to exist in this case, and would affirm on all counts.

. For purposes of this analysis, the terms "indictment” and "information” are used interchangeably as an indictment is defined as a "formal written accusation of a crime made by a grand jury and presented to the court for prosecution against an accused,” and an information is defined as "[a] formal criminal charge made by a prosecutor without a grand-jury indictment.” Black’s Law Dictionary 788, 795 (8th ed.2004).