COPE, J.
 

 The question in this appeal is whether Antwyne Harper was convicted of an offense which was barred by the statute of
 
 *175
 
 limitations. We conclude that the answer is yes.
 

 Defendant-appellant Harper was charged with committing multiple offenses on December 24, 2003. One of these was the offense of resisting an officer with violence to his person in violation of section 843.01, Florida Statutes (2003). The original information was filed on January 14, 2004 and was well within the statute of limitations.
 

 On May 1, 2007, the State filed an amended information which added the new charge of fleeing or attempting to elude a law enforcement officer at high speed, in violation of subsection 316.1935(3), Florida Statutes (2003).
 
 [1]
 
 Both sides agree that the applicable statute of limitations is three years. § 775.15(2)(b), Fla. Stat. (2003). Because the crime date was December 24, 2003, and the fleeing and eluding charge was not filed until 2007, the fleeing and eluding charge was filed beyond the limitation period. The defense did not move to dismiss the fleeing and eluding charge on the basis of the statute of limitations. The defendant was convicted of fleeing and eluding and was acquitted on all other charges. The defendant has appealed, arguing that the charge of fleeing and eluding is time-barred.
 

 The State argues that the new fleeing and eluding charge was timely. The State invokes the principle that “subsequently-filed informations ‘will not be subject to the statute of limitations when they are shown to be connected with and in continuation of a prosecution timely begun.’
 
 State v. Adjmi,
 
 170 So.2d 340, 343 (Fla. 3d DCA 1964) (citing
 
 Mead v. State,
 
 101 So.2d 373 (Fla.1958)).”
 
 State v. Douglas
 
 919 So.2d 481, 482 (Fla. 3d DCA 2005). The rule just stated is subject to the qualification that the amended charge cannot “broaden or substantially amend the original charges.”
 
 Labrador v. State,
 
 13 So.3d 1070, 1072 (Fla. 3d DCA 2007) (internal quotations marks omitted) (quoting
 
 United States v. Italiano,
 
 894 F.2d 1280, 1282 (11th Cir.1990)).
 

 We conclude that the “continuation” principle is not applicable here. The offense of resisting an officer with violence and the offense of fleeing and eluding an officer at high speed contain no elements in common. The offense of fleeing and eluding is not a lesser included offense of resisting an officer with violence. The text of the 2004 charge of resisting an officer with violence did not contain any factual allegations asserting that the defendant fled or attempted to elude the officer by driving at a high rate of speed, or any other factual allegations which would constitute the offense of fleeing and eluding. Under these circumstances, the new charge alleged “a new and distinct crime with different elements, under a completely different statute.”
 
 Labrador,
 
 13 So.3d at 1072. The new charge broadens and substantially amends the original charge.
 
 Id.
 
 The new charge was time-barred.
 

 The next question is whether we can consider the statute of limitations issue in this appeal. As already stated, the defense did not raise the issue of the statute of limitations when the case was pending in the trial court. In
 
 Fondon v. State,
 
 581 So.2d 188 (Fla. 3d DCA 1991), this court held that a defendant must raise a statute of limitations issue in the trial court before it can be raised as an issue on appeal.
 
 Id.
 
 at 189. We held that such an issue is appropriately raised by motion for post-conviction relief.
 
 Id.
 

 Under the circumstances of the present case, however, we conclude that
 
 *176
 
 we can and should consider this issue as being one of the rare instances in which ineffective assistance of trial counsel appears on the face of the record.
 
 See Smith v. State,
 
 998 So.2d 516, 522-23 (Fla.2008) (“We recognize that ‘[tjhere are rare exceptions where appellate counsel may successfully raise the issue on direct appeal because the ineffectiveness is apparent on the face of the record and it would be a waste of judicial resources to require the trial court to address the issue.’ ”),
 
 cert. denied,
 
 — U.S.-, 129 S.Ct. 2006, 173 L.Ed.2d 1101 (2009).
 

 In this case we are unable to perceive, and the State has not suggested, any legitimate tactical reason for trial counsel to fail to raise the defense of the statute of limitations. The State requested an opportunity to determine whether it had a good faith basis to assert that any exception to the statute of limitations applies in this case.
 
 See
 
 § 775.15(5)-(7), Fla. Stat. (2003). The State responded that it has no such basis.
 

 We therefore vacate the defendant’s conviction for fleeing and eluding and discharge the defendant from the cause. The defendant is entitled to immediate release. This ruling is effective immediately and will not be delayed by the filing of a motion for rehearing or other postdecision motion.
 
 [2]
 

 Vacated.
 

 [1]
 

 . Thereafter the State nolle prossed the charge of resisting an officer with violence.
 

 [2]
 

 . We need not address the other point on appeal.