# Third District Court of Appeal

**State of Florida**

Opinion filed October 18, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1271
Lower Tribunal No. 13-4846

_____

**Cedric S. Brown,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Cedric S. Brown, in proper person.

Pamela Jo Bondi, Attorney General, and Douglas J. Glaid, Senior Assistant Attorney General, for respondent.

Before SALTER, FERNANDEZ and LUCK, JJ.

SALTER, J.

Cedric Brown's petition for habeas corpus raises three claims of ineffective assistance of appellate counsel. Finding that one of the claims merits consideration

and conditional relief, we grant in part and deny in part the petition.

In April 2013, Brown was charged with 12 counts of sexual battery without serious injury (section 794.011(5)(a), Florida Statutes) and one count of incest (section 826.04, Florida Statutes).[1]  In May 2015, the State filed an amended information, containing three counts.  Count 1 was a restatement of Count 12 of the original information, alleging sexual battery on a child between the ages of 12 and 16 based on acts committed between February 1 and 29, 2012.[2]  Count 2 was a new charge alleging lewd or lascivious sexual battery on a child between the years of 12 and 16 (section 800.04(4)(a)1., Florida Statutes) based on acts occurring between January 1, 2001, and December 31, 2007.  Count 3 was a restatement of Count 13 of the original information, alleging incest.

Brown was convicted on all three counts of the amended information.  At his sentencing in January 2016, the State candidly raised with the trial court the possibility that the charge and conviction on Count 2 might be barred by the three-year statute of limitations applicable to lewd or lascivious sexual battery (section 775.15(2)(b), Florida Statutes).[3]  Specifically, Count 2 of the 2015 amended

---

[1]  Each of the first 11 counts alleged the sexual battery crimes between January 1 and December 31 of the years between 2001 and 2011, respectively.  Count 12 alleged sexual battery between February 1, 2012, and February 29, 2012.  Count 13 alleged that the acts of incest were committed between January 7, 2001, and February 29, 2012.  The pertinent portions of the statutes were unchanged during the applicable time periods.

[2]  The State nol prossed Counts 1 through 11 of the original, 2013 information.

2

information alleged that the criminal incidents occurred between January 1, 2001, and December 31, 2007. As a result, Brown argues, the three year statute of limitations expired at the end of 2010, years before Count 2 was added to the amended information.

This issue was not raised by appellate counsel in Brown's appeal to this Court in 2016. His conviction was affirmed, per curiam, in March 2017. Brown v. State, 2017 WL 1174761 (Fla. 3d DCA 2017) (unpublished). In response to Brown's petition for ineffective assistance of appellate counsel, the State now argues that Count 2 is not barred by the statute of limitations because it was a "continuation" of the sexual battery claims in Counts 1 to 11 of the original information, or was sufficiently connected to those initial charges, citing State v. Douglas, 919 So. 2d 481 (Fla. 3d DCA 2006), to survive a statute of limitations bar.

We disagree. The sexual battery claim in Count 12 of the original information was based on alleged criminal conduct that concluded by February 29, 2012. But the lewd or lascivious battery claim in Count 2, the subject of an entirely different statute, was based on alleged incidents occurring no later than December 31, 2007, and would have been barred by the applicable statute of limitations even if included in the original information filed in April 2013.

---

[3] In an equally candid colloquy, Brown's defense counsel at the sentencing advised the Court that her research indicated that the statute of limitations did not bar the prosecution of Count 2 of the amended information.

Evaluating Brown's claim on this point under the standard in <u>Bevel v. State</u>, 221 So. 3d 1168, 1180 (Fla. 2017), and <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), we find that both of the requisite prongs—deficient performance on the part of counsel, and prejudice—are satisfied. The record discloses no tactical basis[4] for trial or appellate counsel to have failed to pursue the statute of limitations defense available to Brown regarding Count 2 of the amended information. The prejudice is apparent in the fifteen-year sentence on that Count, to be served consecutively with the thirty-year sentence on Count 1.

We grant the petition in part as to Count 2. We remand to the trial court to re-sentence Brown based on his convictions on Count 1 and 3, but not Count 2, as Count 2 was barred by the applicable statute of limitations.[5]

We find no merit in Brown's other claims, which are denied. Petition granted in part and denied in part, with instructions for further proceedings.

---

[4]  <u>See, e.g.</u>, <u>Mathis v. State</u>, 204 So. 3d 104, 105-06 (Fla. 1st DCA 2016).

[5]  Whether the statute of limitations defense was raised and ruled upon in the first instance before or during trial could subsequently become pertinent depending on a determination of the preservation issue detailed in <u>Smith v. State</u>, 211 So. 3d 176, 187-204 (Fla. 3d DCA 2016) (Emas, J., concurring), <u>review granted</u>, 2017 WL 3483657 (Fla. May 24, 2017). Although we note this point in passing, we express no opinion regarding the applicability of any ruling in <u>Smith</u> to the record in the present case.