# Third District Court of Appeal

## State of Florida

Opinion filed March 25, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1684
Lower Tribunal No. F20-8831
_____

**Jordy Yanes-Martel,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marisa Tinkler Mendez , Judge.

Luke Newman, P.A., and Luke Newman (Tallahassee), for appellant.

James Uthmeier, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before EMAS, MILLER and BOKOR, JJ.

BOKOR, J.

Jordy Yanes-Martel appeals his convictions for battery and trespass of a vehicle. He argues that the trial court erred by suppressing cross-examination testimony seeking to impeach the credibility of the alleged victim by questioning her about her drug and alcohol use on the night of the incident. Because the testimony was relevant and its exclusion was not harmless, we reverse and remand for a new trial.

I.

On January 14, 2024, Yanes-Martel, an off-duty Miami Gardens police officer, was working security at a gentlemen's club called Tootsie's Cabaret. Safiya Satchell was a customer. Satchell came to the club with a friend. But Satchell and her friend had started the party early. By the time Satchell arrived, she had split a bottle of champagne, smoked two joints of marijuana, and taken two shots of Hennessy. And she hadn't eaten. She acknowledged being impaired during her time at the club. At the club, she ordered a mini bottle of champagne and ordered food but didn't like what she was served. The manager refunded her money, but she insulted the server and threw the money in the server's face. This caused the manager to direct Yanes-Martel to issue Satchell a trespass warning and get her off the property.

Yanes-Martel approached Satchell, who was now in the driver's seat of her car parked in the club parking lot, and informed her he was giving her

2

a trespass warning and that she needed to provide her identification and follow him to his car to receive the warning. She would then be free to leave. After some back and forth, Yanes-Martel instructed her that she needed to get out of her car and follow him to his car to get the paperwork, or she would be arrested. Sachel told her friend, sitting in the passenger seat, to record the interaction.[1] Sachel refused to exit the vehicle but told Yanes-Martel, "[O]kay. So whatever you want to do pull me out the car [sic] go ahead." Yanes-Martel opened the car door, then Satchell exited, spun, and punched or lunged at him. After several warnings, Yanes-Martel tazed and subdued Satchell, placed her hands behind her back and arrested her. Satchell was originally charged with criminal offenses, but those charges were dropped, and Yanes-Martel was instead charged.

Prior to trial, and over the defense's objection, the State moved to limit the defense's use of deposition testimony. In this testimony, Satchell acknowledged that she smoked two marijuana joints, shared a bottle of champagne with her friend, and drank shots of Hennessy before going to the club, along with drinking a mini bottle of champagne at the club right before the incident. The court limited the defense's ability to impeach Satchell with the deposition testimony on cross-examination, finding the testimony

---

[1] There is also body camera footage from Yanes-Martel's camera.

3

irrelevant in the absence of any corroborating evidence that Satchell was intoxicated during the incident. Yanes-Martel was convicted on one count of battery related to the use of the taser and trespassing for entering the vehicle.

## II.

We review the trial court's decision to limit cross-examination for abuse of discretion. McCoy v. State, 853 So. 2d 396, 406 (Fla. 2003). Evidence of a witness's drug or alcohol use, proffered to impeach that witness, may be inadmissible when it is not corroborated by other evidence signifying that the witness was intoxicated at the time of the incident. See Green v. State, 688 So. 2d 301, 305 (Fla. 1996) ("[E]vidence of drug [or alcohol] use for impeachment purposes is inadmissible unless it is shown that: the witness was using the intoxicant at or about the time of the incident about which the witness is testifying; the witness is using the intoxicant at or about the time of testimony; or it is expressly shown by other relevant evidence that the prior use of the intoxicant affects the witness's ability to observe, remember, and recount."); Edwards v. State, 548 So. 2d 656, 658 (Fla. 1989) (same). But there's plenty of corroborating evidence here, including Satchell's own testimony that she was impaired at the time of the incident. Further, Satchell exhibited belligerent behavior during her confrontation with the server,

4

consistent with impairment or intoxication, and continued such behavior in her interaction with the officer.

In sum, there's more than sufficient contemporaneous evidence from which a fact finder could conclude that Satchell was intoxicated during the incident, which would render the excluded evidence regarding her drinking and smoking marijuana before coming to the club (and the additional drinking at the club) relevant for both impeaching Satchell's credibility and corroborating the defense's claims of self-defense. See § 90.401, Fla. Stat. ("Relevant evidence is evidence tending to prove or disprove a material fact."). Put plainly, it is hard to imagine much better impeachment evidence of intoxication to show that Satchell's testimony may be, at the very least, subject to scrutiny. She hadn't eaten and was on hour two or three of a near-continuous marijuana and alcohol bender at the time of the incident. The trial court abused its discretion in excluding such impeachment evidence under the circumstances.

Given the nature of the evidence at trial, we cannot say that the exclusion of this testimony was harmless. See State v. DiGuilio, 491 So. 2d 1129, 1135 (Fla. 1986) ("The harmless error test . . . places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively

stated, that there is no reasonable possibility that the error contributed to the conviction."). We therefore reverse and remand for a new trial. We affirm in part as to the remaining issues.[2]

Affirmed in part, reversed and remanded.

---

[2] Yanes-Martel also argues that the trespass charge must be dismissed because it was filed in an amended information outside the statute of limitations. But that trespass charge resulted from the bifurcation of a prior burglary charge that was timely filed, and trespass is a lesser included offense of burglary. Because the amended information constituted a continuation of the same prosecution founded on the same facts, the trespass charge was not barred by the statute of limitations. See Labrador v. State, 13 So. 3d 1070, 1072 (Fla. 3d DCA 2007) ("A superseding indictment brought after the statute of limitations has expired is valid so long as the original indictment is still pending and was timely and the superseding indictment does not broaden or substantially amend the original charges." (quoting United States v. Italiano, 894 F.2d 1280, 1282 (11th Cir. 1990))); Rubin v. State, 390 So. 2d 322, 324 (Fla. 1980) ("A subsequently filed information, which contains language indicating that it is a continuation of the same prosecution, timely commenced will not be considered an abandonment of the first information and therefore will not be barred by the statute of limitations."); In re Standard Jury Instructions in Crim. Cases—Report No. 2012-01, 109 So. 3d 721, 728 (Fla. 2013) (describing trespass as lesser included offense of burglary of a structure or conveyance).